ISAAC COOK, appellant, vs. JACOB MILLER, appellee.

*Appeal from Cook County Court of Common Pleas.*

In an action of trespass against a sheriff, for levying upon property, he cannot defend, by showing that he made the levy by virtue of an attachment against other parties, supposed to be the owners of the property, and that the plaintiff was a fraudulent purchaser, unless he shows that the plaintiffs in the attachment were creditors.

In a defence of this character, the officer need not plead the judgment, but may show on the trial that a judgment has been obtained. But the process under which the sheriff made his levy must be clearly and distinctly described, so as to furnish such information as will enable the plaintiff in the suit to ascertain what is relied upon.

This was an action of trespass *de bonis asportatis*, brought by the appellee, in the Cook County Court of Common Pleas. The appellant pleaded the general issue, and gave notice therewith of his defence. The appellant justified the taking of the property, by virtue of an attachment and an execution, issued against Miller and Clements, and that the sale of the goods from them to the appellee was fraudulent and void. On the trial of the cause, the appellant offered the execution against Miller and Clements, in proof, as a part of his defence. The appellee objected to the admission of the execution in evidence, because the notice of special matter did not show from what Court the execution emanated, and the Court below sustained the objection. The appellant then moved the Court for leave to amend his notice; which motion was denied. The cause was heard before a jury, Spring, Judge, presiding, at the February term, A. D. 1850, and a verdict and judgment were rendered against the appellant, for the sum of $ 3,236 23. The errors complained of, were the excluding of the execution, and the refusal to allow the defendant below to amend his notice of the special matter relied on.

B. S. MORRIS and R. S. BLACKWELL, for appellant.

ARNOLD & LAY and N. H. PURPLE, for appellee.

Opinion by Mr. Justice CATON:

The question of fraud is not before us, nor was it properly before the jury in the Court below. As between the parties to the sale, the transfer was unquestionably good, and as the evidence offered by the sheriff, tending to show that he acted

for and represented creditors of Miller and Clements, having been ruled out, there was nothing left which could authorize the jury to find that the transfer was made to defraud creditors. The principal question, then, which is properly presented, is, did the Court err in rejecting this evidence. Beach, the deputy sheriff, testified that he levied upon the building and goods, by virtue of an attachment and an execution. The attachment was admitted in evidence; but as the plaintiffs in attachment obtained no judgment, there is nothing to show that they were creditors, and under them the sheriff could not insist upon the fraud. The attachment, then, may be laid out of the question. The bill of exceptions further states : " On cross-examination, Beach was requested to produce the execution issued on behalf of Yelveston and Fellows, which he produced, and the defendant offered the same in evidence ; to the reading of which the plaintiff objected ; and the Court sustained the objection, on the ground of the insufficiency of the notice under which it was offered ; to which opinion of the Court the plaintiff excepted." The sufficiency of the notice is thus directly presented. The notice states, that Yelveston and Fellows, " at the June term of the year 1848, obtained a judgment against the said Augustus Miller and Daniel R. Clements, for the sum of $1,309 92 damages, and $5 68 costs, as taxed by the clerk of said Court; upon which judgment execution was duly issued, and placed in the defendant's hands, to be executed, as sheriff of said county," &c. It was objected, that neither the judgment nor the execution was sufficiently described in the notice. As to the judgment, it is well settled that it was not necessary for the defendant to state in his notice that any judgment existed. The notice avers, that in obedience to the command of the execution, the sheriff took the property from the defendants in the execution, to satisfy the same, and that it was their property. This was certainly sufficient, in the first instance, to justify the sheriff, if the execution was sufficiently described, and the existence of the judgment was wholly immaterial, till it became necessary to impeach the sale from Miller and Clements to Jacob Miller, as being fraudulent, as to creditors. Then, and not till then, was the sheriff bound to produce the judgment, in order to show that he represented creditors who had a right to complain of the fraud. In his notice he was not bound, nor did he pretend to

anticipate the sale and to avoid it. ` This was new matter, which, for the first time, appeared in the evidence, not having been noticed in the plaintiff's pleadings, and, necessarily, the defendant would have a right to go behind his pleadings with his evidence, to meet and rebut the sale. Even in case of a special plea of justification, it is not necessary for the officer to plead the judgment. Jackson *vs*. Hobson, 4 Scam., 411. But we think the notice did not describe the execution with sufficient certainty. Although the date of the execution is not given, yet that might have been dispensed with, had the notice stated out of what Court or by what authority it issued. Any execution, emanating even from a foreign Court, or issued by an officer or individual having no authority to issue an execution in any case, might have been produced under this notice; and, indeed, there is nothing in this whole record to show that such was not the character of the execution that was offered. Nor is there any thing in the notice pointing the plaintiff to any source of information, where he might have ascertained what judgment and execution were relied upon. Had Miller and Clements been the parties, and the notice given to them, we should be inclined to hold the notice sufficient; for they might reasonably be supposed to know what judgment and execution were referred to; and this would be going quite as far as any Court has gone, to whose decisions we have been referred. With a disposition to go as far as possible in favor of these notices, which have been introduced by the Legislature, to avoid the technicalities of special pleadings, yet we must either dispense with all notice whatever, or hold that it must substantially advise the party of the facts relied upon in defence, or, at least, it must furnish him with such information as, by the exercise of reasonable prudence and diligence, will enable him to ascertain precisely what is relied upon. Every thing stated in this notice may be strictly true, and yet the sheriff not be justified. For aught that appears, this execution may have furnished the officer with no more justification than a blank piece of paper. It is not even stated that it was a valid execution, nor was the plaintiff furnished with the means of ascertaining whether it were valid or not. For aught that we can see, the Court might, with propriety, have allowed the party to have amended the notice, even upon the trial, upon just and reasonable terms; but this was matter of discretion, and, according to

the uniform decision of this and all other Courts, we cannot review that decision here.

It may not be improper to remark, that notwithstanding the execution was ruled out, still the question of fraud seems to have been gone into on the trial, and was submitted to the jury, precisely as if the proper foundation had been laid by the introduction of the judgment and execution, and upon a full investigation of the evidence, the jury found that the sale was *bona fide*, and not in fraud of creditors; and we do not think there was such evidence of fraud as would justify us in disturbing the verdict, even if that question were properly before us.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*