PETER A. MISNER, Plaintiff in Error, *v.* JOSEPH LIGHTHALL, Defendant in Error.

ERROR TO LA SALLE.

The rule of the common law, which requires the owner of cattle, &c., to keep them upon his own land, is not in force in Illinois; and in order to maintain trespass, the owner of the close must show that it was protected by a good and sufficient fence.

THE opinion of the Court embodies a statement of the case. This cause was heard before CATON, Justice, at March term, 1848.

A. HOES, for plaintiff in error.

E. S. LELAND, for defendant in error.

TREAT, C. J. This was an action of trespass, brought by Lighthall against Misner. The declaration alleged, that the defendant's hogs entered the plaintiff's close, and destroyed the corn growing therein. The second plea alleged in substance, that the plaintiff's close was situated adjoining a large tract of unimproved land, which was not surrounded by a fence, or in the actual possession of any person, but was lying open and common to the stock of all persons residing in the neighborhood; that the defendant resided in the neighborhood of the plaintiff's close, and suffered his hogs to run at large upon the adjoining uninclosed land; that the hogs, without his knowledge and against his will, entered from the same into the plaintiff's close, through the defects and insufficiency of the plaintiff's fence; and that the plaintiff's close was not protected or separated from the adjoining uninclosed land by a good and sufficient fence. The third plea alleged generally, that the plaintiff's close was not surrounded by any good and sufficient fence, wherefore the defendant's hogs, without his knowledge and against his will, entered upon the close, through the defects of the fence, and committed the injury complained of. The Court sustained a general demurrer to the pleas; and the plaintiff had

a verdict and judgment on the issues of fact formed in the cause.

This court decided, in Seeley *v.* Peters, (5 Gilm. 130,) that the rule of the common law, which requires the owner of cattle, horses, sheep, hogs, &c., to keep them upon his own land, has never been in force in this State; and that in order to maintain an action for the trespass of such animals to one's close, the owner of the close must have it surrounded by a good and sufficient fence. On the principle of that case, the pleas presented a good defence to the action. The hogs were lawfully upon the uninclosed land, contiguous to the close of the plaintiff, and it was his duty to have protected himself against them by a sufficient fence. If he neglected to keep up a fence sufficient ordinarily to prevent stock from going upon his land, and the hogs entered thereon for the want of such a fence, he must abide the consequences. The case might be different, if the defendant had driven them into the close; but the pleas fully negative any such conclusion. They show that the injury resulted from the insufficiency of the fence, and not from any fault on the part of the defendant. The court erred in sustaining the demurrer; and the judgment must be reversed, and the cause be remanded.

*Judgment reversed.*