ROBERT S. HARRIS *et al.,* Appellants, *v.* SIMON K. MINER, Appellee.

APPEAL FROM JO DAVIESS.

28   135
137   582
28   135
98a   1622
28   135
107a   1628

It is not necessary that a bill of exceptions should declare it contains all the evidence, unless a motion is made for a new trial, on the ground that the verdict was contrary to evidence, and this is assigned for error. All the court requires in that case, is, to be satisfied that all the testimony upon which the judgment is predicated is before it, without the averment that all the evidence is preserved in the bill.

The instructions given on a former trial between the same parties in a different action, cannot be read to a jury.

The files of a different suit may be read on a trial, if they would aid under proper pleadings to identify a case.

A plea of not guilty in an action of trespass, determines nothing as to the right of property.

An instruction that is not applicable to the case, need not be given.

The proceeds of property belonging to innocent purchasers, sold on process of attachment, will be deemed money received to the use of the owners of the property, and may be recovered by them.

The mere receipt of a portion of money realized from property improperly sold by the sheriff, will not be construed as a ratification of the sale.

THIS is a suit brought by appellants to recover the proceeds of a sale of a raft of lumber in logs, made by appellee, as sheriff of said county, under the color of process.

Declarations contains only the common counts.

First plea, the general issue and similiter.

Second plea, set-off in the form of common counts, with replications, (common traverse) and issue.

Special plea of former recovery ; setting up levy by defendant as sheriff, of two several writs of attachment, one in favor of Erastus S. Tracy, and the other in favor of B. H. Campbell, and both levied against the goods and chattels, lands and tenements of Bunce, Pinto & Co. The one in favor of Tracy, levied on the 16th day of January, 1857; the one in favor of Campbell, levied on the 12th day of February, 1857 ; both returnable to the March term of the Circuit Court of said county, 1857. That the logs in controversy were levied and sold under special writs of *fi. fa.*, issued on the judgments rendered at the May term of said court, and the proceeds applied *pro rata*, in said writs. That said plaintiffs sued said defendants to the August term of said court, A. D. 1857, in an action of trespass *de bonis asportatis*, for taking and conveying away the same identical logs sued for in this action ; that the whole matter in controversy in this action was determined in said action of trespass.

To which special plea, by leave of court, plaintiffs filed several replications as follows :

1st. Denies allegation that the trespass suit was for the same identical logs.

2nd. Denies allegation of a levy of Campbell's writ of attachment on logs sued for in this action.

3rd. Denies allegation that said logs were sold under Tracy and Campbell's writs, jointly.

To these replications issue to the country is tendered, and similiter added.

4th. Avers, in avoidance of plea in bar, that the merits of the action of trespass were not reached, in this : that there

were issues of property in said action, which were not passed upon by the jury, their verdict of "not guilty" being only applicable to the plea of "not guilty" in said action of trespass.

5th.  Sets up the want of lien of Campbell's writ, and the sale of other property sufficient to satisfy the Tracy writ, and thereby a release of said property by operation of law from the lien of Tracy's writ.

6th.  That there were issues of property in said trespass suit, not passed upon and determined by the jury.

Defendant rejoined to 4th replication, that the issues of property were determined in said trespass suit, and issue to the country.

To 5th replication denies that said property was the property of plaintiffs, and not the property of defendant, and avers trial on merits and issue to the country.

To 6th replication rejoins trial on the merits and issue to the country.

The jury found the issue for the defendant, and plaintiffs moved to set aside the verdict and for a new trial.  Motion overruled, and judgment on the verdict.  Appeal prayed.

The following errors are assigned :

The court erred in admitting in evidence for the defendant, the instructions given by the court in the trespass suit.

The court erred in admitting in evidence for the defendant, the writ, levy, judgment and execution in the case of *B. H. Campbell* v. *Bunce, Pinto & Co.*

The court erred in refusing the second instruction asked by the plaintiffs.

The court erred in refusing the third instruction asked by plaintiffs.

The court erred in giving the third instruction asked for defendant.

The court erred in overruling the motion for a new trial.

The court erred in rendering the judgment.

LELAND & BLANCHARD, for Appellants.

GLOVER, COOK & CAMPBELL, for Appellee.

BREESE, J.   A preliminary question is raised by the defendant in error as to the bill of exceptions.   The objection taken is, that it does not purport to contain all the evidence given in the cause.   This we suppose is immaterial, unless the record shows a motion was made for a new trial on the ground that the verdict was contrary to evidence, and the motion was overruled by the court, and that decision of the court is assigned for error.   The general rule is, that when the overruling a motion for a new trial on the ground of the verdict being contrary to the evidence is assigned for error, it should appear to the appellate court, that all the evidence given on the trial below is preserved for their examination.   And it is immaterial whether that fact appears from an express averment to that effect in the bill of exceptions, or is manifested in any other way.   All that the court requires is to be satisfied, that it has before it all the testimony upon which the judgment is to be predicated.   *Stickney et al.* v. *Cassell,* 1 Gilm. 420.

This record does not show such a state of case.   One error assigned is, in overruling a motion for a new trial, but not on the ground the verdict was contrary to the evidence.

Another objection is made, that neither the instructions which are complained of given on the part of the defendants, nor the exceptions thereto by the plaintiffs, appear in the record.   They did not so appear in the original record, but do appear in an amended record, properly certified by the clerk, and duly filed in this cause.

Exceptions were taken to the ruling of the court admitting certain instructions which had been given in a trespass suit, which had been tried between those parties, in which the merits of this case were supposed to have been involved, and also admitting in evidence the files in the attachment suit of Campbell against Bunce, Pinto & Co., from whom the plaintiffs derived all the title they had to the property which occasioned this suit.

We are of opinion, on the first point made, that those instructions should not have been read to the jury for any purpose.   They may have been good law in the trespass suit, but

cannot be considered as evidence in this cause. The jury were impanneled to hear the evidence in the case on trial, not what might have been the law in an action of trespass.

We are not advised that admitting the files of the attachment case in evidence was improper, as they might have been useful under the pleadings to identify the case. They could be used for no other purpose.

We will now consider the instructions which the amended record shows, were asked for by the plaintiffs and refused by the court and exceptions taken. The instructions refused are marked 2 and 3, and are as follows:

" 2. In the action of trespass ' *de bonis asportatis*,' when the title of property is in issue on due special pleas, the question of property is material, and must be passed upon in order to bar a subsequent action of assumpsit. The plea of ' not guilty' in an action of trespass ' *de bonis asportatis*,' puts in issue only the wrongful taking; and the simple verdict ' not guilty,' applies only to the plea of not guilty, and determines only the question of wrongful taking, when the title of the property is in issue under special pleas."

" 3. The law requires the sheriff first to levy and sell the land of defendant in execution; and if the jury find from the proof, that the writ of attachment in favor of Erastus S. Tracy (mentioned in said defendant's special plea of former recovery,) was first levied on lands of Bunce, Pinto & Co., defendants in said writ, and also on the raft of logs in said plea described, and that the plaintiffs, without notice of said levy, afterwards found said raft of logs in possession of Bunce, Pinto & Co., the owners, (subject to said levy;), and purchased the same in good faith, and for a valuable consideration, and took possession of the same under said sale, they became the owners thereof, subject only to the lien of said writ of attachment; and if the jury further find from the proof, that afterwards, while the same were in their possession, the writ of attachment in favor of B. H. Campbell, (in said special plea mentioned,) was levied on the same property; and if the jury should further find from the proof, that the land of defendants, Bunce, Pinto & Co., levied on by said

writ of attachment in favor of Erastus S. Tracy, was after-
wards sold under the special writ of *fi. fa.* issued on said
judgment in favor of Erastus S. Tracy in said attachment suit,
against the property attached, for a sum sufficient to satisfy
said judgment and all costs, and commissions, and charges
thereon, then in that case the raft of logs would be thereby
released from said levy, by operation of law, and if sold by
said defendant after such release, the jury should find for the
plaintiffs in this action, the amount said logs sold for, unless
bound by the former recovery of said defendant in the action
of trespass."

As to the second instruction, no question is made, that it
was applicable to the case, nor could there be, inasmuch as a
portion of the record of the recovery in that case, was in evi-
dence to the jury.

It appears the action was trespass for taking and carrying
away certain goods and chattels, and the plea was, not guilty.
The jury found that the defendant was not guilty of trespass.
It was responsive to the declaration, and found the fact that
no trespass had been committed by him.

This record does not show that any issue of property was
presented by the pleadings in the trespass case. All we
have here is the writ, declaration, and verdict of the jury, "not
guilty," and therefore the court might well refuse to give the
second instruction, as its calls upon the court to assume,
without any proof that "the title of the property was in issue
on due special pleas," in that suit. The court was, doubtless,
familiar with the principle that the plea of not guilty to an
action of trespass for taking personal property, operated only
as a denial of the taking, determining nothing as to the right
of property; but the question of property not being in the
case, the instruction was inapplicable.

As to the third instruction, the defendant's counsel has
offered no argument in support of the ruling of the court,
refusing to give it. We cannot understand why the court
refused it. It contains the law of the case—was pertinent to
the issues in controversy, and arose out of the evidence in the
cause, and no principle in it was affected by the recovery in

the trespass suit. This action is for goods, wares and merchandise, sold and delivered—for work and labor, care and diligence—for money paid, laid out and expended, and lent and advanced, and had and received, by the defendant to the plaintiffs' use, and on an account stated. The plea of a former recovery in the trespass suit, in which it appeared the question of property in these goods was not involved, did not preclude the plaintiffs from showing that the defendant had converted certain property, belonging to them, into money, with or without authority, to which money they were entitled, and to sue for it as for money had and received to their use. It matters not how the property came into the possession of the defendant, whether by a trespass, or a bailment by the plaintiffs, or in any other way. The question now is, are the plaintiffs, the property having been sold for money, entitled to the money?—not who took it, or how it was taken.

That the property, for which the defendant received the money, was the plaintiffs', there can be no doubt. They purchased it for a valuable consideration after the levy of Tracy's attachment, and had it in their possession one week before the levy of Campbell's attachment. This purchase was in good faith, and the plaintiffs held it subject only to the lien of Tracy's attachment. It appeared that Tracy's attachment was levied on the lands of the defendants named in it, simultaneously with the levy on the personal property. Before Campbell acquired any lien by the levy of his attachment, the personal property was sold in good faith, and for a valuable consideration, to the plaintiffs, and as these lands were first to be sold to satisfy the attachment, and did sell for more than Tracy's claim, the personal property was released from that attachment, and the title of the plaintiffs thereto became certain and permanent. Tracy, getting satisfaction out of another fund, released the personal property from all other claims. The proceeds of the sale of the land, would be the fund for a distribution *pro rata* among the attaching creditors under the statute, and not out of a fund to be created by the sale of property belonging to innocent parties, purchased in good faith, and of which they were in the actual possession.

If the defendant sold this property and converted it into money, it will be deemed money received to the use of the plaintiffs.

The plaintiffs except also to the ruling of the court, giving this instruction for the defendant :

" If the jury believe, from the evidence, that the plaintiffs, as assignees of the Tracy judgment, forbid the sale of the logs in dispute on the execution issued upon that judgment, and afterwards received a portion of the money for which said logs were sold, as such assignees of said judgment, then the jury may infer from this act that the plaintiffs have ratified the sale, and so far as that amount is concerned, they should find for the defendants."

The plaintiff had acknowledged the receipt of three hundred and sixty-eight dollars and thirty-four cents, part of the proceeds of this sale, to be deducted from the amount of their recovery.

We therefore, do not see the relevancy of the instruction, unless it be, in a disguised manner, to induce the jury to believe that the ratification of the sale induced by this money embraced the sale under the attachment of Campbell. The jury might well draw that conclusion, and to that extent it would mislead them. The instruction should have been refused as irrelevant, and as calculated to mislead.

Campbell's writ of attachment was levied upon land, the mill and machinery, and on the property claimed by the plaintiffs. His right to a *pro rata* distribution surely could not arise out of the property not subject to his attachment, but only out of the proceeds of the sale of the real estate and mill and machinery. They constituted all the property subject to any lien his writ might create, and his share of proceeds must come out of them. It would be unjust to hold the plaintiffs as ratifying a sale of property which was not bound by this writ, because they had received a part of the sales of property which was not bound by it. This implied ratification extended no farther than to the sale of such property as was bound by the writ. This instruction, as given, was calculated

to mislead the jury; and we must conclude, by the verdict rendered, they were misled.

The judgment is reversed and the cause remanded, with instructions to award a *venire de novo.*

*Judgment reversed.*