# WILLIAM STURMAN

## *v.*

# WILLIAM COLON.

1. TRESPASS—*plea—general issue.* Where a plea to an action of *quare clausum fregit* set up that the defendant's cattle were free commoners on unenclosed land adjoining the *locus in quo,* and that the fences around plaintiff's premises were insufficient to turn ordinary stock, by reason of which the supposed trespasses were committed: *Held,* That it was error in the circuit court to sustain a demurrer to the plea on the ground that it amounted to the general issue. Such a defense, in such an action, must be specially pleaded.

2. SAME—*when the action is local.* An action for trespass to real estate is local, and the trespass must be proved to have been committed at the place where laid in the declaration. But it seems that such proof need not be strict. Any evidence from which it may be reasonably inferred will suffice.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Mr. MARVIN S. ROBINSON and Mr. CHARLES J. BEATTIE, for the appellant.

Messrs. PAYSON & PERRY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit*, brought by appellee, in the Livingston Circuit Court, against appellant. The declaration describes the *locus in quo* as being the close of the plaintiff, situate in the county of Livingston, and State of Illinois, and by the section, town and range. Defendant filed several pleas; first, the general issue; second, a plea of license, upon both of which issue to the country was joined. The third plea avers that the cattle were free commoners upon unenclosed lands adjoining the plaintiff's close, and that he had no sufficient fence to turn ordinary stock; and that for the want of a sufficient fence around his close, the cattle escaped from the unenclosed lands and entered the close without defendant's knowledge and against his will, and committed the several supposed trespasses. To this plea plaintiff demurred, and assigned for cause that the plea amounted to the general issue. The court sustained the demurrer and defendant abided by his plea. A trial was had by the court and a jury, when a verdict was returned in favor of plaintiff, and assessing his damages at $138.75. Defendant thereupon entered a motion for a new trial, which was overruled, and judgment was rendered upon the verdict. The case is brought to this court by appeal, and a reversal is sought on several grounds.

The first question presented by the record is, whether the third plea amounted to the general issue, it not being denied that the facts it sets up constitute a defense. In the case of *Misner* v. *Lighthall*, 13 Ill. 609, the same defense was interposed by a plea, but no exceptions seem to have been taken

to it. In Chitty's pleadings, vol. 1 p. 505, 8 Am. Ed., it is said, that " an excuse of the trespass, as on account of a defect of fences, which the plaintiff was bound to repair, or a license from the plaintiff, and a justification under a rent charge, or in respect to an easement or incorporeal right, as common, of fishery, or of pasture, or of turbary and a right of way," with other defenses there enumerated, " must be pleaded specially." This defense was that of defective fences which appellee was bound to repair, and hence, this plea falls within the rule and must be governed by it. The court therefore erred in sustaining the demurrer.

On the trial in the circuit court, appellant asked a number of instructions, the fourteenth of which the court refused to give. It is this:

" The jury are further instructed that in this case it is necessary for the plaintiff to prove that the premises on which the injuries and trespasses complained of were committed, if any were committed, are located in Livingston county, and State of Illinois, as laid in his declaration, and if the plaintiff has failed to make such proof then the law is for the defendant, and the jury will find him not guilty."

It is insisted that, as the action is local, appellee was bound to prove the trespass to have been committed on the premises described in the declaration, and that appellant had a right to have the jury so informed. In Chit. Pl. 268, it is said that actions, though merely for damages occasioned by injuries to real property, are local, as trespass, &c. Hence, this action is local. And Starkie, in his treatise on Evidence, vol. 3, p. 1,435, says: "An action of trespass *quare clausum fregit* is local, and must be proved to have been committed within the county as alleged. The description of the local situation of the close within a particular parish or township is also material. And when the *locus in quo* is described by

its abuttals, a variance from the description of any one abuttal in evidence will be fatal." And he refers, in support of the rule, to *Taylor* v. *Hooman,* Moore, 161, and 5 B. and A. 221, Bul. N. P. 89 ; *Nowell* v. *Sands,* 2 Rolls ab. 678. While such proof is necessary, it is believed that it is not essential that it should be strict in its character. Evidence from which it may be reasonably inferred that the trespass was committed as laid will suffice. From these authorities it follows that this instruction should have been given. The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*