THE CHICAGO TITLE AND TRUST COMPANY

*v.*

JOHN M. CORE.

*Opinion filed October 23, 1906.*

1. EVIDENCE—*when specific objection to testimony is necessary.* In trespass, where a witness for the plaintiff is allowed to testify and is cross-examined upon the subject of what a stock of goods was worth on the day the goods were sold by defendant at auction, a general objection by the defendant, when other witnesses are asked what the goods were worth on the day of the sale, is not sufficient to present the objection that the value of the goods on the day of the taking, and not on the day of the sale, was the measure of damages.

2. TRESPASS—*matters of justification cannot be proved under a plea of not guilty.* A plea of not guilty, in trespass, is a simple denial of the facts stated in the declaration which the plaintiff is bound to prove, and no more, and if the acts of the defendant or its agent *prima facie* constitute a trespass, matters of justification or excuse cannot be proved under the plea of not guilty.

3. SAME—*any unlawful authority exercised over goods is a trespass.* Any unlawful exercise of authority over the goods of another will support trespass even though no force was exerted; and it is not necessary for the plaintiff to show that the keys to the store which contained the goods were taken from him by force.

4. SAME—*statute abolishing distinction between trespass and case does not affect liabilities of parties.* The statute which abolishes the technical distinction between the forms of actions of trespass and actions on the case and permits joinder of counts in each does not affect the substantial rights or liabilities of the parties, and

the averments and proof necessary to sustain either cause of action are the same as at common law.

5. Same—*extent to which license may be proved under plea of not guilty.* Under a plea of not guilty, in trespass, evidence tending to prove leave or license by the plaintiff to do acts which would otherwise be a trespass is admissible upon the question of damages but not as a defense to the action.

6. Same—*when values marked in inventory should not be disregarded.* In an action of trespass to recover damages for a stock of goods taken possession of by the defendant and sold at auction, the values marked by the defendant's agent and attorney opposite the various articles enumerated in the inventory made by such agent should not be disregarded by the jury upon the presumption that the agent had no knowledge of values.

7. Damages—*when instruction allowing exemplary damages is justified.* An instruction, in trespass, permitting the jury to assess exemplary damages in case they found the defendant acted in wanton, willful or reckless disregard of the plaintiff's rights is justified by evidence that fraudulent use was made of an order of a bankruptcy court, under which defendant's agent, with a United States marshal, entered the plaintiff's store and demanded possession, saying that if he did not give it peaceably they would take it anyway and take him in charge.

8. Instructions—*instruction not faulty which fails to include undisputed facts.* An instruction, in trespass, directing the jury to find the issues for the plaintiff if they believed, from the evidence, that the defendant wrongfully and without any legal right or authority procured the possession of the property through intimidation, threats of violence or threats to take the plaintiff in charge if he did not deliver the goods, is not faulty in failing to include the undisputed facts that the plaintiff was in possession of the property at the time of the taking, and that such possession was rightful as against the defendant.

9. Same—*when instruction in trespass is not harmful.* An instruction, in trespass, informing the jury that all persons who order, direct or assist in the commission of a trespass are liable for all damages occasioned thereby is not harmful, as permitting a recovery for damages which are not the proximate or natural result of the trespass, where no damages were proved except such as might legally be recovered.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. R. S. Farrand, Judge, presiding.

FELSENTHAL, FOREMAN & BECKWITH, and WALTER REEVES, for appellant.

HUTTMANN, BUTTERS & CARR, (EDGAR ELDREDGE, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

At about eight o'clock in the evening of June 1, 1901, Wiliam W. Wilson, an attorney and agent of appellant, the Chicago Title and Trust Company, came into the hardware store of appellee, John M. Core, in Grand Ridge, in LaSalle county, in company with Edward St. Clair, a deputy United States marshal, and W. M. Henderson. St. Clair read to Core an order entered that day *In the Matter of Reuben Eckert, bankrupt,* by the District Court of the United States for the Northern District of Illinois, restraining Core from disposing of the stock of hardware and machinery, and requiring him to show cause by Wednesday, June 5, 1901, why he should not turn over the possession of said stock and machinery to the title and trust company. Wilson then read a certified copy of an order of the district court appointing the Chicago Title and Trust Company receiver of the estate of Reuben Eckert, bankrupt. Wilson demanded possession of the property, and said that he had a custodian there and would place him in charge and let him lock the store. After some discussion Core surrendered the keys and started to the cash drawer to take some cash from it, when Wilson stopped him and told him that he could get his coat and hat and get out. Wilson took possession of the building and stock, took the cash out of the drawer and turned over the keys to Henderson, and all but Henderson left the building. On Wednesday, June 5, 1901, Core appeared before the United States District Court, but the matter was not called up, and, as a matter of fact, the order to show cause had been vacated and discharged the previous day on motion of the title and trust

company.   Core demanded his property from the United States marshal and from the title and trust company and its custodian, but was refused.   The title and trust company sold the entire property at public auction, against the protest of Core.   On June 27, 1901, this suit was brought by Core against the title and trust company, William W. Wilson and others, but it was afterward dismissed as to the others.   The declaration consisted of three counts in case and three in trespass, and the only plea was not guilty.   The counts in case were abandoned at the commencement of the trial and the case was tried upon the counts in trespass, the first of which was *quare clausum fregit* and the others *de bonis asportatis*.   At the close of the trial the court directed the jury to find Wilson not guilty, which was done, but the title and trust company was found guilty and damages were assessed at $4000.   Judgment was entered upon the verdict, and the Appellate Court for the Second District affirmed the judgment.

Counsel for appellant have not followed, in their argument, the order of events upon the trial, but have first argued alleged errors in instructing the jury, and have then gone back to rulings on the admission of evidence, and finally returned to questions relating to the instructions.

The first ruling upon the trial alleged to be erroneous is the admission of evidence as to the value of the property taken.   The property was seized on June 1, 1901, and the sale took place the latter part of that month.   Three witnesses for appellee were asked to state the value of the property on the day of the sale.   No objection was made to the testimony of the first witness and he was cross-examined as to the value of the goods at that time.   When the other witnesses were asked as to the value of the goods on the day of the auction sale, a general objection to the question was interposed and the objection was overruled.   Counsel say that the measure of damages was what the goods were worth on the day they were taken; but it does not appear from the

objection that they had that rule in mind when the objection was made, and there was nothing in the general objection which would give the court to understand that a ruling was desired upon the question of the time when the value was to be fixed. A specific objection was necessary, and the ruling was probably not injurious to appellant, since there was nothing from which it could be inferred that the goods were worth more on the day of the sale, after the store had been shut up for about a month, than on the day of the taking.

The next alleged error is the refusal of the court to give nine instructions asked by appellant, directing the jury to find it not guilty if they believed, from the evidence, that the appellee voluntarily delivered possession of the property upon the demand of Wilson, as attorney for appellant. Appellee purchased the property from Reuben Eckert on March 29, 1901, and paid therefor $2500, which, according to the evidence for the appellant, was more than the value of the property. The only possible claim that appellant could have had to the goods would have been that the sale was fraudulent as to creditors and subject to be set aside for that reason. The only plea was not guilty, which operated only as a denial of the wrongful taking. (*Harris* v. *Miner,* 28 Ill. 135.) The plea of not guilty in trespass is a simple denial of the facts stated in the declaration, and controverts the truth of such allegations as the plaintiff is bound to prove, and no more. The acts of the attorney and agent of appellant *prima facie* constituted a trespass, and matters of justification or excuse for such acts could not be proved under the plea of not guilty. *Cook* v. *Miller,* 11 Ill. 610; *Hahn* v. *Ritter,* 12 id. 80; *Sturman* v. *Colon,* 48 id. 463; *Olsen* v. *Upsahl,* 69 id. 273; *Illinois Steel Co.* v. *Novak,* 184 id. 501; 21 Ency. of Pl. & Pr. 837.

Counsel say that appellant was entitled to have the instruction given for the reason that if appellee handed over the keys upon demand and upon the reading of the orders, there was, in fact, no force and no trespass. Any unlawful

exercise of authority over the goods of another will support trespass, even though no force be exerted, (28 Am. & Eng. Ency. of Law,—2d ed.—555,) and it was not necessary to prove that the keys were obtained by physical force.

Counsel further say that proof of leave and license may be made under the general issue in an action of trespass, for the reason that all distinction between that action and an action on the case has been abolished by statute, and they rely upon the decision in *Kapischki* v. *Koch*, 180 Ill. 44, as establishing that rule. In that case it was held that the trial court did not err in directing a verdict upon the admission by counsel of facts destructive of the cause of action. One count was in case, and the well known rule was stated that in that form of action such evidence would be admissible under the plea of not guilty. That was the whole scope of the decision, and the case was afterward cited in *Papke* v. *Hammond Co.* 192 Ill. 631, as authority for the rule that in an action on the case the defendant may give in evidence, under a plea of not guilty, anything showing that the plaintiff ought not to recover. The distinction between the forms of actions of trespass and actions on the case has been abolished by statute, and therefore a joinder of counts in the two forms of action is permissible. (*Krug* v. *Ward*, 77 Ill. 603.) At common law, if a declaration was in one form of action and the averments were in the other, the objection was fatal on motion in arrest of judgment. A count in case could not be joined with a count in trespass, and a misjoinder would render the declaration bad on demurrer or it might be availed of by motion in arrest or on error. (*Dalson* v. *Bradberry*, 50 Ill. 82.) The statute does away with the technical distinction between the two forms of action but does not affect the substantial rights or liabilities of the parties, and the averments and proof necessary to sustain either cause of action are the same as at common law. (*Blalock* v. *Randall*, 76 Ill. 224.) The evidence for appellant only tended to prove leave or license of appellee to do acts which would otherwise be a

trespass, and while the evidence was admissible on the question of damages it was not a defense to the action, and the court was right in refusing to give the instructions.

Appellee introduced in evidence an inventory of the property made and filed in the district court by the appellant and sworn to by Wilson, in which values were set down opposite the various articles. Appellant asked the court to give an instruction directing the jury to disregard the values so set down in the inventory. The court refused to give the instruction, and we think the court did not err in such refusal. We cannot assume that counsel are correct in saying that Wilson had no knowledge of values, and we regard the estimates of appellant, through its attorney and agent, as evidence against it for what they were worth.

The court gave, at the instance of appellee, an instruction which permitted the jury to assess exemplary damages in case they found from the evidence that appellant, in committing the acts complained of, acted in a wanton, willful or reckless disregard of the rights of the appellee. It is not contended that the rule stated in the instruction was incorrect and the decisions on that subject are numerous. (*Bull v. Griswold,* 19 Ill. 631; *Ously v. Hardin,* 23 id. 352; *Farwell v. Warren,* 51 id. 467; *Jasper v. Purnell,* 67 id. 358; *Kennedy Bros. v. Sullivan,* 136 id. 94.) The objection stated by counsel is, that there was no evidence upon which to base the instruction; that the transaction was conducted in a most decorous manner, without loud language or insulting words or gestures, and that in such a case the law does not authorize an assessment of exemplary damages. The evidence for the appellee was that the parties came into the store; that St. Clair introduced himself as the United States marshal; that the orders were read and that Wilson then demanded the property, and told appellee that if he did not give it up peaceably they would take it anyway and take him in charge. The rule to show cause was entered without jurisdiction, since a bankrupt court has no jurisdiction to

proceed against a party summarily, without his consent, to determine the question whether property purchased by him of a bankrupt belongs to the bankrupt estate. (*Bardes* v. *First Nat. Bank,* 178 U. S. 539.) The order did not require the appellee to surrender possession of the goods, but appellee testified that he was made to understand that such was the effect of the order. The evident purpose of Wilson in going to the store was to get possession of the goods without waiting for a hearing under the rule, and when that purpose was accomplished the order to show cause was vacated and set aside on motion of appellant. Appellee testified that he told the parties that it looked like a hold-up but he supposed he would have to obey, and he said that he surrendered the keys in view of the fact that St. Clair had introduced himself as a United States marshal and under the threat of arrest. The evidence for appellee tended to prove a fraudulent use of the order of the district court as well as a wanton and willful violation of the law and disregard of the rights of appellee, and the instruction was based on sufficient evidence. Counsel say that the instruction does not discriminate between appellant and Wilson; that one might be liable to exemplary damages while the other might not, and also that the verdict was an anomaly in finding Wilson, who was the only one who committed any act which would render appellant liable for exemplary damages, not guilty while appellant was found guilty. The court directed the jury to find Wilson not guilty, and he was not acquitted of the trespass by the jury. The jury were bound to obey the direction of the court, and the error was the error of the court. Appellant was responsible for the acts of Wilson, and if the evidence for appellee was true it was proper to award exemplary damages. Appellant cannot complain that Wilson was not also found guilty, and we cannot presume that the jury would have exonerated him if the question had been left to them.

The court gave an instruction directing the jury to find the issues for appellee if they believed, from the evidence,

223–5

that appellant wrongfully and without any legal right or authority procured the possession of the property through intimidation, threats of violence or threats to take appellee in charge if he did not deliver up the goods.    There was no dispute of the fact that the property was in the possession of the appellee at the time of the taking nor that his possession was rightful as against appellant, and the instruction was not faulty on account of a failure to include such facts.

An instruction informing the jury that all persons who order, direct or assist in the commission of a trespass are liable for all the damages occasioned thereby is objected to as permitting a recovery for damages which are not proximate or the natural result of the trespass.    The purpose of the instruction was to advise the jury as to what persons would be liable, and not the nature of the damages to be recovered, and as no damages were proved except such as might be legally recovered the instruction could not have done any harm.

The court gave an instruction advising the jury what should be considered in weighing the evidence, which, with the exception of an interpolation, has always been regarded as correct and has always been approved by the courts.    As usually happens when an attempt is made to improve upon an instruction which represents the deliberate and unanimous judgment of the courts as to the law and has been confirmed by long experience, the effect was to render the instruction of doubtful propriety.    There is nothing in this case, however, which would justify us in reversing the judgment on account of the addition to the instruction of things to be considered.    We cannot see how the instruction could have worked any harm in this case.

The judgment is affirmed.        *Judgment affirmed.*

Farmer, Vickers and Carter, JJ., took no part in the decision of this case.