# CASES

## SECOND DISTRICT

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1923.

Joseph Szold and Jacob Szold, trading as Jos. Szold & Son, Appellants, v. Myrtle Smith, Appellee.

### Gen. No. 7,134.

1. TRESPASS—*issues in trespass for breaking and entering a close.* In an action of trespass for breaking and entering the close of plaintiffs predicated upon the act of defendant in backing an automobile into and breaking plate-glass windows in plaintiffs' store, no defense except that of not guilty is raised by pleading the general issue, and a special plea which alleges that defendant was not the owner of the automobile causing the damage, where the declaration does not charge defendant with ownership but is in form for trespass *vi et armis*, and charges that defendant, with a certain instrumentality, namely, an automobile, "crushed, damaged and spoiled" plaintiffs' close, and in such case no acts of justification or excuse may be proved.

2. TRESPASS—*when negligence and intent of defendant not material.* In an action of trespass for breaking and entering plaintiffs' close predicated upon defendant's act in backing an automobile into and breaking windows in plaintiffs' store, it is reversible error to permit defendant to prove in justification that she was not guilty of negligence and that her act was unintentional, where under the pleadings the only plea under which evidence is properly admissible is one of not guilty.

Appeal by plaintiffs from the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding. Heard in this court at

(66)

the October term, 1922.  Reversed and remanded.  Opinion filed May 17, 1923.

CLARENCE W. HEYL and HARRY C. HEYL, for appellants.

DAILEY, MILLER, McCORMICK & RADLEY, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

Appellants, Joseph Szold and Jacob Szold, partners, doing business as Jos. Szold & Son, brought suit in the circuit court of Peoria county against Myrtle Smith, appellee, and one Ray J. Karl, in trespass for breaking and entering the close of appellants.  A trial was entered upon, and at the close of the testimony in chief for appellants, the court directed the jury to find for Karl.

The trial proceeded against appellee and the jury found her not guilty.  Motions for a new trial and in arrest of judgment were denied, and the court rendered judgment in bar and against appellants for cost of suit, from which judgment appellants prosecute this appeal.

The declaration charges that appellee, on, to wit, November 16, 1920, with force and arms, broke and entered a certain close of appellants, situated in the county of Peoria, and State of Illinois, and then and there commonly known as 2201 South Adams street, Peoria, Illinois, and then and there forced and broke open, broke to pieces, damaged and spoiled certain plate-glass fronts or windows on said premises, there standing, and being in said close, of the value of, to wit, $1,200, and also then and there, with a certain motor vehicle, commonly known as an automobile, crushed, damaged and spoiled the said close by breaking certain plate-glass windows therein, and other wrongs, the appellee to appellants then and there did to the damage of appellants.  To which declaration appellee pleaded the general issue and two

special pleas. In the first special plea appellee pleaded that the automobile with which the plate-glass windows were broken was not her property, and was not, at the time of the injury, under her control or operated by her, or her servants.

In her second special plea, appellee pleaded that immediately prior to the breaking of appellants' close, as set forth in the declaration, she was in a certain automobile, in a certain street, adjoining said close, and then and there with all due care and caution, for the safety of appellants' said close, started the engine of said automobile, whereby the said automobile was then and there unavoidably, while the said appellee was exercising all due care and caution, in managing and controlling said automobile so as to keep the same from entering the close of appellants, caused to start, run against and enter the close of said appellants against the will of said appellee.

To the second special plea appellants demurred, generally and specially, and the demurrer was sustained. It appears that appellants on November 16, 1920, were the owners and in possession of a department store, known as No. 2201 South Adams street, in Peoria, Illinois, and located on a triangular piece of land, one side fronting on Adams street and the other on Garden street. Adams street was paved. There was a cement sidewalk, eight or ten feet wide, between appellants' building and the curb line on Adams street. The street is about six inches below the level of the sidewalk. On the day in question, appellee was in possession of a certain automobile that belonged to her husband. She had stopped it at a garage, which was located fifty feet down Adams street from the lower line of appellants' store building.

A man by the name of Karl did something at the garage to the automobile and told appellee to start it. It was facing in the opposite direction from the

store of appellants. Appellee started the automobile and it backed a distance of fifty feet up the street, went up over the curb and onto the sidewalk, and zigzagged along the sidewalk and along the side of the store building in question for a distance of fifty feet or more and broke and smashed the plate-glass windows in said store building. Seven windows were broken out, five of those broken were 86 by 96 inches, and two 104 by 96 inches. Two other windows were injured and damaged. The building was defaced to some extent. The injury done was placed at $1,164.55, being the sum required to replace the windows broken and injured. This suit followed with the result as hereinbefore stated.

The first question raised and argued is as to the pleadings; it will be observed that the declaration avers in an action of trespass for breaking and entering the close of appellants. In form it is an action of trespass *vi et armis*. The action of trespass *vi et armis* is a distinct action for the violation of a property right, namely, the injury to real estate. The action of trespass in this proceeding, being one for a violation of a property right, does not depend upon the intent of the wrongdoer, nor does it depend upon negligence. The action is complete when the proof established the fact of the breaking of the close, and the resulting damage. When the proof shows the breaking of the close, and the damage thereto, it is then incumbent upon the one charged with the breaking of the close, and occasioning the damage thereto, to show a justification, which must be specially pleaded. *Olsen v. Upsahl,* 69 Ill. 273; *Illinois Steel Co. v. Novak,* 184 Ill. 501; *Chicago Title & Trust Co. v. Core,* 223 Ill. 58. The record in this case discloses that the pleas appellee filed, and on which the cause was tried, were the general issue and the special plea, denying that the automobile with which the

plate-glass windows were broken was her property, and denying it was operated by her.

The general issue, in an action of this character, amounts only to the denial of the facts stated in the declaration, viz., close of appellants, possession of the close, breaking and entering by appellee and the damages. Appellee was not charged with being the owner of the automobile. The declaration averred that appellee with a certain instrumentality, namely, "a motor vehicle, commonly known as an automobile, crushed, damaged and spoiled the close of appellants by breaking the glass windows." The special plea did not set up any matter that constituted a defense to the action charged in the declaration. On the trial, therefore, there was no plea under which any evidence could properly be admitted other than the plea of not guilty, and the plea of not guilty in trespass is a simple denial of the facts stated in the declaration, which appellants were bound to prove, and no more, and if the acts of appellee constituted a trespass, matters of justification or excuse could not be proved under the plea of not guilty. *Chicago Title & Trust Co. v. Core,* 223 Ill. 58; *Sturman v. Colon,* 48 Ill. 463; *Olsen v. Upsahl,* 69 Ill. 273; 21 Encyc. of Pl. and Pr. 837.

Notwithstanding the state of the pleadings, appellee was permitted to offer evidence tending to prove that she was not guilty of negligence and that her act, in committing the trespass charged in the declaration, was unintentional. The testimony offered for such purpose should not have been permitted to be heard by the jury, and constituted reversible error.

During the argument of the case to the jury, counsel for appellee, apparently for the time being, overlooked the fact that his argument should be confined to the facts as developed on the hearing and to the law arising from such facts. The remarks and con-

duct of counsel for appellee were such as to prejudice and influence the jury.

For the reasons herein assigned, we are of the opinion that reversible error was committed in the trial of the case, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*