Martha E. Shaw et al., Appellees, v. Personal Finance Company of Champaign and John C. Hauck, Appellants.

Gen. No. 8,790.

94

Heard in this court at the October term, 1933. Opinion filed January 12, 1934. Rehearing denied April 3, 1934.

ROY C. FREEMAN and GREEN & PALMER, for appellants; HENRY I. GREEN, CHARLES R. NAPIER and ORIS BARTH, of counsel.

DOBBINS & DOBBINS, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Champaign county, in favor of appellees for $500 against appellants, entered on a verdict of a jury. Appellees were husband and wife and on December 26, 1931, executed a chattel mortgage covering their household goods and a Hudson automobile to secure the payment of $300, payable to the Personal Finance Company of Champaign. In March, 1932, appellees testify that Mrs. Shaw became sick and was taken to her mother's home in the same city, while her husband went to stay with his parents and later followed his wife to her mother's home. Their household goods were stored temporarily in a warehouse and appellees further testified that in July of the same year they rented another home and then found that all of their personal property placed in storage had been taken by the Finance Company. Appellee Avery Shaw testified that sometime before he had asked the Finance Company to sell the automobile and apply the proceeds on the mortgage; that appellant Hauck, who was the manager of the Finance Company, asked him to sign a release upon the automobile for the purposes of sale which Shaw signed. Later a representative of the same company took a paper to Mrs. Shaw and asked her to sign on the representation

that it was a release to sell the car. Both appellees testify that nothing was said to them about the sale of any other property except the automobile; also that they knew nothing about and had no notice of the sale of the household goods. These facts were denied by Hauck for the appellants. He produced written waivers and releases signed by appellees which contained consents to the sale and also testified that the sale was made at the request of appellee Avery Shaw, and that the signatures to the above instruments were placed thereon willingly by appellees.

The declaration consisted originally of four counts but during the taking of the appellees' testimony the first three counts were withdrawn and the case tried wholly upon the fourth count which was in the following language:

"Fourth Count. And for that whereas, on, to-wit, the 28th day of December, A. D. 1931, the plaintiff, together with Avery F. Shaw, the husband of the plaintiff, did make and execute to the defendant, Personal Finance Company of Champaign, its successors and assigns, one certain chattel mortgage upon the necessary household goods, wearing apparel, and mechanic's tools of the plaintiff, which chattel mortgage was then and there in the words and figures following, to-wit: (Here follows copy of Chattel Mortgage.)

"And the defendants on, to-wit, the first day of December, A. D. 1932, did then and there seize the said goods and chattels covered by the said chattel mortgage and take the same from the possession of this plaintiff as mortgagor without procuring from any judge of a court of record any order directing any Sheriff to seize such household goods, wearing apparel, or mechanic's tools, and to hold the same subject to the order of the court and without foreclosure of said mortgage in any court of record, all contrary to the statute in such case made and provided, and the

plaintiff further avers that said goods and chattels of the plaintiff were then and there of the value, to-wit, One Thousand ($1000.00) Dollars, and by means thereof the said defendants have unlawfully deprived the plaintiff of her said goods and chattels to the damage of the plaintiff of, to-wit, One Thousand ($1000.00) Dollars, therefore she brings this suit, etc.''

Defendant filed a plea of the general issue. On the trial of the case the court proceeded on the theory that the above count was a trespass count whereas appellants contend that the court's ruling on this count was erroneous and that the action was in trover. While other questions are argued in the briefs, this was the main contention on the trial. Appellants sought to introduce in evidence the written waivers or consents of appellees to the sale of the mortgaged property as a defense upon the merits to the charge of conversion and that the statute had been violated. The court held that in an action of trespass they were not entitled to such defense unless the same was specially pleaded and admitted the exhibits only in connection with appellees' claim for exemplary damages. Written instructions given by the court expressly limited the consideration of the consents by the jury to the determination of whether or not the trespass, if proven, was wanton or otherwise. We are inclined to believe that the ruling of the court was correct. The count is similar to the count for trespass *de bonis asportatis,* except that it omits the words ''with force and arms'' which was a matter of form and should have been pointed out by special demurrer. The count charges the seizure of the goods without procuring an order from a court of record as required by statute, the value of the goods and the depriving of the appellees from the possession of same.

The statutory provision reads as follows: ''That no chattel mortgage on the necessary household goods, wearing apparel or mechanic's tools of any person or

family shall be foreclosed except in a court of record. No such household goods, wearing apparel or mechanic's tools covered by a chattel mortgage shall be seized or taken out of the possession of the mortgagor before foreclosure, except by a sheriff. . . ." Cahill's St. ch. 95, ¶ 25.

No conversion of the goods is expressly charged in the count, and the usual language of a trover count is not followed. Being an action of trespass the defense of leave or license should have been specially pleaded. *Richardson v. O'Brien,* 44 Ill. App. 243, 246; *Chicago Title & Trust Co. v. Core,* 223 Ill. 58, 63.

The appellees were in constructive possession of the mortgaged property at the time the same was taken by the appellants, even though there was a lien against them, the jury have passed upon the facts which were in conflict and we see no substantial reason for reversing the judgment of the circuit court. The refusal of the court to permit the filing of a special plea after the testimony was closed was not error. The judgment is therefore affirmed.

*Affirmed.*