ROSE ANN SPENCER *vs.* ST. PAUL & SIOUX CITY RAILROAD COMPANY.

March 2, 1875.

Complaint for Trespass—Construction of Railroad in Street—Averments as to Locus in quo.—*It seems* that in a complaint against a railroad company for trespass in laying its tracks in a public street, between the centre thereof and plaintiff's lots, it is sufficient for plaintiff to allege his ownership of the lots, and the commission of the trespass thereon; and that the plaintiff's ownership of the fee of the street—the *locus in quo*—will be implied from the averment of his ownership of the adjacent lots.

Same—Averments held Sufficient.—Such an averment *held* sufficient in this case, no objection being taken, at the trial, to the complaint or to the admission of evidence, on the ground of the omission of plaintiff to aver his ownership of the fee to the centre of the street in front of his lots, and the defendant having been in nowise prejudiced by the omission.

Same—Special Damages must be Specially Pleaded.—Damages not resulting necessarily from the act complained of, and therefore not implied by law, must be pleaded specially.

Appeal by defendant from an order of the district court for Scott county, *Chatfield*, J., presiding, refusing a new trial. This, like the preceding and following cases, was an action for damages for alleged trespass on plaintiff's land, the pleadings being, so far as material, the same as in those cases, except that in this the *locus in quo* is described as Lots 3 and 4, in Block 30, etc.

*John L. Macdonald*, for appellant.

*L. M. & D. A. Brown*, for respondent.

McMILLAN, C. J.   The plaintiff, upon the trial offered in evidence proof of title to the premises described in the complaint, which fact of title was admitted by the defendant. The plaintiff then proved by testimony which is uncontradicted, and was received without objection, that the plaintiff resides with her husband on Lots 3 and 4, Block 26, Shakopee City, and has resided there since May, 1866; that the railroad tracks of the defendant are located south of the dwelling-house, and on Second street, in front of these lots, and have been put there since plaintiff went to live on said premises.

The complaint, it will be observed, contains no specific allegation that the plaintiff is the owner or in possession of the land to the centre of the street in front of the lots mentioned, subject to the easement of the street, or otherwise, nor that the trespasses complained of were committed there. We are inclined to think the allegation of plaintiff's ownership of the lot is a sufficient allegation of her ownership of the land in front of the lot, to the centre of the street. But however that may be, no objection was taken to the complaint or to the admission of evidence, upon the ground of any defect in that respect, and it is manifest from the whole proceeding that the defendant was in nowise misled by any variance between the pleading and the proof. If the complaint had contained such allegations, the proof of the plaintiff's title to the premises described in the complaint would have sustained it. *Harrington* v. *St. Paul & Sioux City R. Co.*, 17 Minn. 215. By the conveyance of the lots adjoining and abutting on the street to the plaintiff, *prima facie* she took the title in fee to the centre of the street in front of said lots, subject to the public easement of the street. The defendant, having admitted the fact of which proof was offered, cannot now insist upon the omission in the complaint; but under the circumstances appearing in this case, the ownership and possession of the *locus in quo* will be implied from the allegation of ownership in fee of the lots.

Whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent the surprise on the defendant which might otherwise ensue on the trial, the plaintiff must, in general, state the particular damage which he has sustained, or he will not be permitted to give evidence of it. 1 Chit. Pl. 396.

The complaint contains no allegation that the plaintiff resides upon the premises, that she has a family, or that there is a dwelling-house thereon, nor any facts from which the law implies that the plastering and papering of the house

were injured by the act of the defendant complained of, or that any additional care and attention to children were required in consequence of the location and operation of the road, or that the plaintiff suffered any annoyance from smoke or sparks, or either, blowing into the house. The plaintiff, therefore, was not entitled to give evidence of the damages claimed to have been occasioned in respect to those matters. It was error, therefore, to receive the evidence, against the objection of the defendant. The court also erred in refusing to charge the jury, as requested by the defendant, "that under the pleadings, the trouble and labor of taking care of children, and like trouble and labor, cannot be considered by the jury as an element of damage," and also in instructing the jury as it did upon that subject.

The judgment is reversed, and a new trial ordered.