Moyer *et al. v.* Gordon.

Filed Feb. 9, 1888.

---

No. 13,010.

## MOYER ET AL. *v.* GORDON.

FORCIBLE ENTRY.—*Trespass.*—*Compensatory Damages.*—*Motive.*—*Advice of Attorney.*—In a civil action for forcible entry upon or for malicious injury to property belonging to another, only compensatory damages are recoverable, and the defendant is not entitled to show the motive which induced his wrongful act, and the averment that he acted under the advice of an attorney may be struck from his answer.

SAME.—*Exemplary Damages.*—It is only where the jury may give exemplary or punitive damages, that the facts and circumstances which go to explain the motive or disclose the intent of the party committing the wrongful act may be shown.

SAME.—*Landlord and Tenant.*—*Evidence.*—*Unsigned Lease.*—In an action by a tenant against his landlord to recover damages for forcible entry, an unsigned lease prepared by the defendant's attorney, containing a condition that the landlord might enter and expel the tenant before the expiration of his term, which condition, with others therein contained, the latter denies having agreed to, is not admissible in evidence against him.

SAME.—*Elements in Estimating Damages.*—Where a landlord has wrong-fully entered and ejected his tenant, who shortly thereafter regains possession, the jury may, in assessing the latter's damages, take into consideration and compensate him for the injury to his goods, the inconvenience and expense of being deprived of their use and of restoring them to their proper places, the bodily or mental anguish or suffering, the injury to his pride and social position and the sense of shame and humiliation at having his family turned into the public street.

From the LaPorte Circuit Court.

*M. Nye, D. J. Wile, F. E. Osborn* and *J. B. Langworthy,* for appellants.

*M. H. Weir* and *L. A. Cole,* for appellee.

MITCHELL, C. J.—This was a suit by Gordon against Moyer and others, to recover damages for an alleged unlaw-ful invasion of, and entry into and upon, the house and premises of the former, by the latter, and for forcibly eject-ing the plaintiff, with his family, household goods and other personal property, therefrom.

The defendants answered by a general denial, and also pleaded specially a second paragraph of answer. In the latter it was alleged, in substance, that Gordon had become the ten-ant of the defendant Moyer, and had entered into possession of the premises in question under a parol lease, by the terms of which the latter was authorized, upon the breach of cer-tain conditions to be kept and performed by the lessee, to enter upon the demised premises and expel the plaintiff without in any manner becoming a trespasser. The answer alleged further, that such breaches in the conditions of the lease had occurred as authorized the expulsion of the ten-ant by the landlord. It then alleged that, acting under and

in pursuance of the advice of a competent and responsible attorney, to whom a full statement of all the facts and circumstances concerning the lease, and the default of the plaintiff, had been made, the defendant Moyer, and the other defendants, as his employees, without any malice, or in any wise damaging the plaintiff or his family, removed them, together with their goods and chattels, from the premises, etc.

On motion, the court struck out and rejected from the answer all that part thereof which alleges that, in doing what they did, the defendants acted under and in pursuance of advice obtained from a competent and responsible attorney. This ruling is complained of as error.

In an action for civil damages for forcible entry upon, or for malicious injury to, property belonging to another, either of which constitutes an offence punishable by the criminal law of the State (sections 1972 and 1955, R. S. 1881), only actual compensatory damages are recoverable.   *State, ex rel.,* v. *Stevens,* 103 Ind. 55 (53 Am. R. 482); *Koerner* v. *Oberly,* 56 Ind. 284 (26 Am. R. 34); *Schafer* v. *Smith,* 63 Ind. 226.

If the plaintiff is entitled to recover at all, in such a case, he is justly entitled to recover full compensation, without regard to the motives which induced the defendant's wrongful act.   It is only where the jury are, or may be, called upon to give exemplary or punitive damages, or damages beyond actual compensation, that the facts and circumstances which go to explain the motive or disclose the intent of the party committing the wrongful act may be pleaded or proved.

Where an essential ingredient of the action is malice, or where the elements of fraud, deliberate oppression, or malice enter into or induce the commission of a wrong, for which the wrong-doer is not amenable to the criminal law, in addition to full compensation, exemplary or punitive damages may, sometimes, be recovered by the plaintiff.   In cases of that class, it may be competent for the defendant to show that, in what he did, he acted for an honest purpose, upon the advice

of a competent lawyer, after having given him a full and true statement of all the facts within his knowledge.  *Lytton* v. *Baird*, 95 Ind. 349, and cases cited.

The court committed no error in striking out that part of the answer referred to above.

What has been said disposes of all questions made upon rulings of the court which had reference to the motives or intent with which the defendants acted.  As has been seen, their intent and purpose in invading the plaintiff's possession, or whether they acted in good faith or not, was wholly immaterial.  The sole question was, whether in doing what they did the plaintiff's legal rights were invaded to his damage.

The evidence tended to show that on the 28th day of August, 1885, Gordon was occupying certain lands belonging to the defendant Moyer, having taken possession on the 6th day of the preceding April.  Gordon went into possession under an agreement, as he claims, that a written lease was to be made thereafter, defining the terms and duration of the tenancy, and the rights of the parties.  The plaintiff and Moyer met soon after at the office of an attorney, where a lease was found prepared containing conditions of a character so stringent, and having in it such other objectionable features, which Gordon claimed had never been agreed upon, that the latter refused to accept it.  The lease was never signed by either party.  Both agreed in their testimony that a written lease was contemplated.  They disagreed as to the terms and conditions that were to be written therein.  The evidence showed that Gordon continued along on the farm, sowed oats and planted corn, cultivated the land, harvested the hay and oats, with the consent of Moyer, who received his full share of the crops.

There was from thirty-five to forty acres of corn growing on the land, which had been planted and cultivated by Gordon and "laid by," when, on the date above mentioned, Moyer, accompanied by the other appellants, whom he had employed for the purpose, went to the house on the farm in

which Gordon and his family resided, and in his absence forcibly ejected his wife, and put their household goods and other property into the highway. The appellants took possession of the house and premises. Upon being apprised of what had occurred, Gordon returned, and, having obtained fire-arms, conducted himself in such a manner as to induce the appellants to abandon the house and premises, whereupon he retook possession, and soon thereafter commenced this action for damages.

It was a disputed question at the trial whether certain stipulations which were written in the lease which had been prepared had been agreed upon or not.

The appellants offered the unsigned paper in evidence, and they now complain that the court erred in excluding it.

We can see no ground upon which this paper was admissible in evidence against the plaintiff. It was a paper prepared by the attorney of his adversary, and, according to the plaintiff's evidence, he protested from the first that the very conditions which the appellants now seek to avail themselves of were no part of the agreement as originally made. Both parties, as we have seen, agreed that a written lease was to be made, but the plaintiff below testified that he insisted from the beginning that he had never agreed to take a lease of the farm on terms which gave the lessor the right to expel him therefrom before the end of his term, upon any condition. The paper which he refused to sign had no tendency to prove anything to the contrary of what the plaintiff testified to, nor was it competent thus to corroborate his adversary. It was, hence, properly excluded from the jury.

In announcing the ruling excluding the paper, the court remarked, in substance, that it was a question of law for the court, and not a question of fact for the jury, to determine whether or not a lease had been executed between the parties, and that neither of the parties in their testimony claimed that anything more than a contract for a lease had been entered into prior to the taking of possession by Gordon. The

remarks of the court are made a ground upon which a reversal is asked. The point is wholly without merit.

That it was for the court to determine whether or not the paper offered in evidence constituted a lease, or whether the agreement proved, if one was proved, amounted to a lease, or a contract for a lease, can not be doubted. The remark of the court that neither Gordon nor Moyer claimed that anything more than a contract for a lease had been entered into prior to the taking of possession by Gordon, could not, in view of the evidence, have prejudiced the appellants in any event.

An elaborate argument is submitted on appellants' behalf in support of certain instructions tendered, and refused by the court, which instructions asked the court to affirm the following propositions, in substance: That a landlord may, by express stipulation to that effect, reserve. the right to reenter and expel the tenant from the leased premises, for condition broken, without becoming a trespasser, and that trespass does not lie in favor of one whose right to the demised premises had been forfeited, and who was subsequently expelled by the owner, rightfully entitled to possession, without unnecessary force.

An examination of the instructions given by the court discloses that the jury were instructed in substantial conformity with the foregoing propositions. It may be well to remark that the distinction between an action for trespass upon real estate, and to recover damages resulting therefrom, and for a restoration of possession and damages under the forcible entry and detainer statute, is plain and broad. As applicable to the first class, see *Low* v. *Elwell*, 121 Mass. 309 (23 Am. R. 272); *Stearns* v. *Sampson*, 59 Maine, 568 (8 Am. R. 442; 4 Am. Law. Rev. 429). As pertaining to the second class, see *Judy* v. *Citizen*, 101 Ind. 18. Besides, the answers of the jury to special interrogatories propounded to them indicate that the jury adopted the plaintiff's theory of the case, which was, in effect, that no such lease as that relied on by the appellants had ever been made, or agreed

upon. Moreover, the jury find, in effect, that, if such a lease had been made, there had been in fact no breach of its conditions by the tenant. It is, therefore, apparent that, even if the court had failed or refused entirely—as it did not—to instruct as requested, the error would have been, in view of the special findings, a harmless one. Taking the instructions all together, the case was fairly submitted to the jury.

Some objections to the admission and exclusion of evidence are pointed out in the appellants' brief. We are unable to discover anything in that connection which could have been in any respect prejudicial to the appellants.

Finally, it is insisted that the damages, $500, are excessive, and that the verdict and judgment are not sustained by the evidence. The appellee was in the peaceable possession of the premises in question, not only under a claim of right, but, as the jury find, having the actual right. He had never agreed, as the jury find, that the landlord might, under any pretext, forcibly expel him from the premises.

The appellants, we must assume, unlawfully entered upon premises of which the appellee had the rightful and peaceful possession, and evicted him and his family, together with all their personal effects, therefrom. They took and held possession until they were threatened with force, when they abandoned the premises to the tenant, who is shown to have been lawfully entitled to occupy.

The jury were authorized to take into consideration and compensate the appellee for the actual injury to his goods and property, the actual inconvenience and expense of being deprived of their use and of restoring them to their proper places, in addition to which he was entitled to compensation for any bodily or mental anguish or suffering, for injury to his pride and social position, and for the sense of shame and humiliation at having his wife and family turned out of their home into the public street.

We can not say, from anything that appears, that the dam-

ages were excessive, nor that the verdict was not sustained by the evidence. There was no error.

Judgment affirmed, with costs.

Filed Dec. 3, 1887; petition for a rehearing overruled Feb. .9, 1888.