ABRAM RAUMA v. CHARLES E. BAILEY and Others.[1]

June 26, 1900.

Nos. 12,163—(170).

**Trespass—Pleading Special Damages.**

> All such damages or elements of damage as do not naturally and necessarily flow from the wrongful acts constituting a trespass, and such as the trespasser or wrongdoer is not bound to know must necessarily and inevitably result from his acts, are special, and must be specially pleaded.

**Rulings of Court.**

> Certain rulings of the court below on the subject of the admission of evidence *held* at variance with this rule, and erroneous.

Action in the municipal court of Duluth to recover $500 damages for wrongful eviction. The case was tried before Edson, J., and a jury, which rendered a verdict in favor of plaintiff for $300. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed.

*Fryberger & Johanson* and *M. H. Stanford,* for appellants.

*John Jenswold, Jr.,* for respondent.

BROWN, J.

This is an action to recover damages for the alleged wrongful and unlawful eviction of plaintiff from the property described in the complaint. Plaintiff had a verdict in the court below, and defendants appeal from an order denying their motion for a new trial.

The facts are as follows: Some time in the year 1898, defendant

[1] Reported in 83 N. W. 191.

Bailey, as agent of the owner, leased a tract of land to plaintiff upon which to erect or move a building to be occupied as a residence. Plaintiff agreed to pay as rent therefor the sum of one dollar per month. He failed to pay the rent, was some four months in default in December, 1898, and notice to quit was served upon him. He refused to vacate the property, and in March, 1899, Bailey commenced proceedings in forcible entry and detainer against him before a justice of the peace, and recovered judgment for the restitution of the premises. Plaintiff's name is Abram Rauma, but in such proceedings, in which he did not appear, he was named as Andrew Rome. Subsequently to the entry of such judgment, a writ of restitution directed against Andrew Rome was duly issued, and delivered to defendant Healy, a constable, for service. On April 12, 1899, Healy, accompanied by defendant Lamont, who was acting for Bailey, proceeded to the premises, and forcibly ejected plaintiff therefrom, removing his goods and chattels into the street.

The complaint, after setting up plaintiff's possession and occupancy of the premises, alleges that defendants wrongfully and unlawfully ejected and removed him therefrom. It does not allege any injury to his property by being wrongfully exposed to the elements, nor any special damage because of discomforts to himself or family by being compelled to thereafter occupy a building for a residence which was unsuitable for the purpose; but he was permitted, over defendants' objection, to prove such facts. He was permitted to prove that he could obtain no other building fit and suitable for occupancy; that he was compelled for three months thereafter to live in and occupy an outhouse, further described as a bath house, which was unfit and unsuitable for a residence. He was permitted to show that his goods remained out of doors for two or three months, exposed to the elements, and thereby became greatly damaged.

There is no question but that defendants were trespassers and wrongdoers in evicting plaintiff from his building. They assumed to act by authority and virtue of the writ of restitution, but it was invalid and void, because not issued against plaintiff. Casper v. Klippen, 61 Minn. 353, 63 N. W. 737. Plaintiff was, therefore, entitled to recover at least general damages; that is, such damages as

80 M.—22

necessarily and naturally resulted from the wrongful acts of defendants. He was not entitled to special damages, because none such were pleaded. Special damages are such as result from, but are not the natural or necessary consequence of, the wrongful act. And where the complaint, in actions of this nature, merely alleges the acts constituting the trespass, the plaintiff is entitled to general damages only. All such damages or elements of damage as do not naturally and necessarily flow from the wrongful acts constituting the trespass and wrong, and such as the wrongdoer is not bound to know must necessarily and inevitably result from his acts, are special, and must be specially pleaded. Spencer v. St. Paul & S. C. R. Co., 21 Minn. 362; Wampach v. St. Paul & S. C. R. Co., Id. 364. These cases are, in principle, directly in point. See also 1 Sutherland, Dam. § 418.

In this case plaintiff was entitled to recover, as general damages, compensation for injury to his goods and property; that is, such injury as resulted to them by the acts of defendants in removing them from the building. He was entitled also to compensation for mental anguish and injury to his feelings and sense of shame in being turned into the street. Moyer v. Gordon, 113 Ind. 282, 14 N. E. 476. But he was not entitled to damages for discomforts to himself and family because of the unfit and unsuitable condition for occupancy of the building he subsequently moved into, nor for injuries to his goods, caused by a three-months exposure to the elements. Such matters were not pleaded, and were not the natural or necessary consequence or result of the acts of defendants. Fillebrown v. Hoar, 124 Mass. 580. Even if pleaded, it is not so clear but that they are entirely too remote. North v. Johnson, 58 Minn. 242, 59 N. W. 1012. There is no question in our minds but that this evidence was prejudicial to defendants. It would naturally tend to excite the sympathy of the jury, and was improper. It was incompetent in any view of the case, and there must be a new trial.

We are not able to agree upon some of the questions argued by counsel, but, as they are not likely to arise on another trial, we make no reference to them. We may say in passing, however, that the principal question upon which we are unable to agree is whether the

evidence is sufficient to warrant submitting to the jury the question whether defendants acted wantonly and maliciously.

Order reversed.