## AMEY B. SMITH vs. GOFF & DARLING.

### PROVIDENCE—MARCH 26, 1909.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Trover. Conditional Sales. Damages.*

In trover for the conversion of a piano bought on the installment plan by plaintiff from defendants, and converted by defendants, the measure of damages is the actual value of the piano at time of conversion, less the unpaid portion of price.

While plaintiff might show actual value in excess of contract price, at time of conversion, the defendants are estopped from showing a less value, except as the value might be affected by conditions expressed in the contract.

(2)  *Conditional Sales. Merger. Contracts. Damages.*

Where a piano was sold on the installment plan and a lease executed by the parties, and subsequently a new agreement was entered into between the parties, the rights of the parties are governed by the last agreement; and in an action of trover by the vendee against vendor, a request to charge that the interest of the plaintiff related back to the first agreement, and was governed by what payments he had made on both agreements, was properly refused.

TROVER.  Heard on exceptions of plaintiff, and overruled.

PER CURIAM.  This is an action of trover to recover damages for the conversion of a piano bought on the installment plan by the plaintiff from defendants.  Without default on part of plaintiff, defendants converted the piano within two months from the date of the contract.

(1)  The rule of damages governing the case is the actual value of the piano at the time of its conversion, less the unpaid portion of the price.  The value agreed upon by the parties in the

contract was $285.32. The plaintiff was entitled to show actual value in excess of that sum at time of conversion, if such was the fact. But the defendants are estopped from showing that the actual value is less than the sum fixed by them as the value in the contract, except as therein provided by them, viz.: "In case of any damage to said instrument by fire, water, or any cause other than careful use." See *Woods* v. *Nichols*, 21 R. I. 540, and 22 R. I. 225. As the plaintiff did not prove that the value of the piano exceeded $285.32, and as the defendants did not prove that the piano had depreciated in value otherwise than by authorized use, the sum of $285.32 was properly taken to be the value of the piano; and as the unpaid portion of the price was $265, the plaintiff's interest in the piano was $20.32, which was the amount of the verdict rendered by the jury.

The court charged the jury, as follows: "She had paid $20.32, and that is her interest, gentlemen, at that time, which you are to consider as the rule of damages." The court arrived at the correct result, although he did not fully set out the rule as above stated.

(2)     The plaintiff's second request to charge—"That the interest of the plaintiff in the piano in question relates back to the first agreement and is governed by what payments she had made on both agreements,—was properly refused. The court had already correctly charged the jury, as follows: "There is no dispute that in the first place this piano was leased upon a certain lease, that some years after that, the relations of the parties not having been satisfactory, that they entered into a new agreement; and as I take it, gentlemen, while the other agreement is allowed to go in here, as I might say—has almost crept in—I think that the rights of the parties must all depend upon this new agreement, if it is a new agreement, which merges everything that went before it into itself; and you have to look, gentlemen, to this new lease to determine the rights of these parties, and to my mind it wipes out everything that goes before it."

The plaintiff's exceptions are therefore overruled, and the

case is remitted to the Superior Court with direction to enter judgment on the verdict.

*James A. Williams*, for plaintiff.

*Tillinghast & Murdock, John H. Slattery, and Michael J. Lynch*, for defendant.