Samuel Igo, Jr., Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. COMMON CARRIERS—*when limitation of liability not effective.* The rule of law in this state applicable to contracts of shipment applies also to interstate commerce and before a carrier can invoke the aid of a contract containing limitations of liability it must be shown that the shipper assented thereto.

2. PLEADING—*upon what recovery may be predicated.* No recovery can be predicated upon any theory not supported by the declaration in the case.

3. MEASURE OF DAMAGES—*in action against carrier for delay in transportation.* *Held,* in such an action that an expenditure for care of a race horse not growing out of or occasioned by reason of the delay charged, was not a proper element of damage.

Action in case. Appeal from the Circuit Court of Shelby county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed May 28, 1910.

GEORGE B. GILLESPIE, for appellant; HAMLIN, GILLESPIE & FITZGERALD and W. C. KELLY, of counsel.

CHAFEE & CHEW, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant to

recover for an alleged damage to a shipment of a car-load of horses and mules from Shelbyville, Shelby county, Illinois, to Indianapolis, in the State of Indiana, alleged to have been occasioned by reason of alleged negligence of appellant in delay in taking the car from Shelbyville, and also in the violent and improper handling of the car in such shipment.

The declaration consists of two counts. The first count is based upon an alleged charge of negligence in handling the car in such a violent and rough manner in the switching, starting and backing of the train whereby the said horses and mules were damaged and injured.

The second count alleges a charge of negligence consisting of a delay in taking the cars from Shelbyville after the same had been loaded by appellee and delivered to appellant and averts that the car was loaded at six o'clock in the afternoon and that appellant negligently permitted the same to remain upon its track at Shelbyville until the hour of five o'clock in the morning of the day following and negligently permitted two trains, belonging to appellant and being regular stock trains carrying through stock to the city of Indianapolis, to pass by said city of Shelbyville, without taking said car from Shelbyville to Indianapolis, and that by reason of this delay the stock was damaged.

To this declaration appellant pleaded the general issue, also one special plea.

The special plea set forth that appellant was a railroad company incorporated under the laws of the State of Indiana and Ohio and engaged in interstate traffic and that the hauling and taking of the said stock from the city of Shelbyville to the city of Indianapolis was interstate traffic and governed by the rules and regulations of the Interstate Commerce Act, in that appellant entered into a contract with appellee which, under the Interstate Commerce Act, was a limited liability live stock contract and the rate of shipment was based upon a classification known as No. 29 of the Interstate Commerce Commission, then on file in the office of appellant at Shelbyville, Illinois. The contract is set out in full in the plea and appellant avers that under the contract

it became and was the duty of appellee to furnish within five days any claim for damages arising by reason of said shipment, verified by affidavit, to appellant at its office in Indianapolis and that appellee did not so furnish such verified statement and make such claim and that by reason of it being a shipment governed by the Interstate Commerce Act a lower rate was granted to appellee and that by reason of this lower rate appellant had a right to limit its liability.

Appellee obtained leave to reply doubly to this plea and replied:

First: That appellant did not require appellee to make a claim in writing within five days after the alleged injury verified by affidavit but that appellee did make and deliver on the 24th day of April at the city of Indianapolis and state of Indiana a claim in writing for said injuries and that although said claim was not verified by affidavit appellant received and accepted said claim as a claim for injuries and damages without objection, that the same was unverified by the oath of the plaintiff and that ever since that time has treated said claim as a claim pending for adjustment upon its merit.

The second replication was, that at the time of shipment and the making of the alleged contract the defendant did not notify the plaintiff and the plaintiff did not know the contract limited the liability of appellant or the said shipment was taken at a reduced rate on account of such limited liability and did not notify appellee that by paying a higher rate a greater liability would be undertaken on the part of appellant.

To the second replication appellant interposed a demurrer which was overruled by the trial court and appellant elected to stand by its demurrer and thereupon filed a rejoinder to the first replication.

Trial was had upon the issue thus made and resulted in a verdict in favor of appellee for $300. Motion for a new trial was overruled, judgment rendered on the verdict and appellant prosecuted its appeal from that judgment and urges for reversal:

First: That there was no evidence in the record tending

to prove the negligence alleged in the first count of the declaration and that the court erred in refusing to sustain a motion to withdraw that count from the jury.

Second: That the court erred in overruling the demurrer of appellant to the second replication.

Third: That the declaration only alleged delay in taking the stock from Shelbyville and did not allege any delay after having so taken the stock and that the court erred in admitting evidence of the delay of the car after the same had left Shelbyville.

Fourth: That the court erred in admitting evidence of alleged damages to a certain race horse which was shipped in said car for the reason that such evidence related to special damages and that no such special damages was alleged in the declaration.

Fifth: That the court erred in giving and refusing instructions.

Upon the first ground urged that the court should have taken the first count of the declaration from the jury, we find upon examination of the record that there is no evidence whatever as to any violent or rough usage or handling of the car after the same was loaded by appellee and there is no evidence that the train was violently handled or that the cars were kicked in switching and upon this question the record wholly fails to prove any averment of negligence in the first count of the declaration, and the motion of appellant to withdraw said count from the jury should have been sustained.

Upon the question of overruling the demurrer of appellant to the second replication filed by appellee, the special plea to which this replication was filed set forth a special contract which had been signed by appellee and that the contract was made upon the basis of a certain classified schedule on file in the office of appellant giving the various schedules and rates for shipments of this character which were open to the inspection of appellee and which were required to be maintained at the office of appellant by the Interstate Commerce Act, and that appellant was bound by the rates therein made

and the same being there for the inspection of appellee and appellee having executed this contract, that he is bound thereby and was bound to know not only the contents of his contract but also the contents and provisions of the schedule so maintained at the offices of appellant under the provision of the Interstate Commerce Act; and that by reason of this schedule a lower rate was given to appellee and under it appellant had the right to limit its liabilities by contract.

Upon this question the Supreme Court in Kirby vs. C. & A. R. R. Co., 242 Ill. 418, has held that the provisions of the Interstate Commerce Act create no different relation between appellant and appellee than the common law under a contract of this character and that appellee was not bound to go into all the intracacies and details of examining the tariff schedules and the contract of shipment before submitting his stock to appellant for shipment and was not bound to know the contents of both the contract and the schedule; that the rule of law in this state applicable to contracts of shipment applies also to interstate commerce and that before appellant can invoke the aid of such a contract it must be shown that the appellee's attention was called to the provisions of the contract or that he was familiar with the contents thereof, and this replication represented the issue as to whether he had this information or was so notified by appellant; and the court committed no error in overruling the demurrer to this replication. The same question here involved was before this court in the case of Max Warren vs. C. C. C. & St. L. R. R. Co., *ante,* p. 111, and the same rule is held in the opinion in that case written by Justice Puterbaugh.

Appellant having elected to stand by its demurrer and the classification alleged to be on file in said plea not being set forth in the plea and not having been offered in evidence, no further consideration thereof is necessary.

The charge of negligence in the second count of the declaration that appellant permitted two regular stock trains to pass through Shelbyville after these horses and mules were so loaded without taking the said car from Shelbyville upon

either of said trains, is not sustained by any proof in the cause. The evidence does, however, further disclose that had any train taken the stock from Shelbyville prior to the time when it was taken, that the said stock would not have reached Indianapolis any sooner; but if the stock had been taken from Shelbyville upon the two trains which passed Shelbyville between the time of the loading of the same and when the same was taken by appellant that such trains only proceeded to Mattoon and that appellant had no train out of Mattoon after their arrival at Mattoon by which the stock could have reached Indianapolis sooner than it did, and the record further discloses that appellee was informed that no train could be had by which to ship the stock sooner than the one which did actually take it and he was directed not to load the said stock, at the time when he so loaded; and there is no evidence in the record to sustain that charge of negligence in the declaration.

Upon the other charge of negligence alleged in this count that appellant permitted the said stock to remain in the city of Shelbyville for an unreasonable length of time after the same had been loaded upon the cars by appellee and after appellant had been notified of such loading presented a question for the determination of the jury.

Upon the third ground urged that the court erred in permitting evidence of the delay of the car after leaving Shelbyville. The only charge in the declaration in regard to the delay was in taking the same from the city of Shelbyville and there was no allegation in the declaration of any further negligence in that regard; it was error to permit appellee to show any delay in the movement of this car after the same had left the city of Shelbyville, there being no averments of any such delay in the declaration and appellee could recover only upon the charges of negligence alleged in the declaration.

Upon the question of the admission of evidence regarding the measure of damage, it is insisted that the court erred in admitting proof of special damage to the race horse which was shipped in this car. Upon examination of the second count of the declaration, we find that the only damage al-

leged is that occasioned by reason of delay and on a general charge of negligence of this character, the only proper measure of damages is the natural and consequential damages arising by reason of the delay and the evidence admitted by the court to which objection is made related to the expenditure and care of the race horse not growing out of or caused by reason of the delay and there being no claim for such special damage in the declaration and no allegation that it became or was necessary to give this horse any special treatment, it was error to permit proof of special damages. Adams v. Gardner, 78 Ill. 568; Gumb v. 23rd St. Railway Co., 114 N. Y. 411; Spencer v. St. Paul & S. C. R. R. Co., 21 Minn. 362; Patten v. Libbey, 32 Me 378.

The instructions complained of in this cause and given on behalf of appellee did not limit the right of recovery to the acts of negligence charged and did not confine the recovery to the damages necessarily and reasonably expected and consequential upon the result of negligence complained of.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*