## Perkins v. Ogilvie, et al.

(Decided May 10, 1912.)

### Appeal from McCracken Circuit Court.

1. Eviction—Void Writ—Elements of Damage.—A tenant who is evicted, and whose household goods are placed out on the public highway, may recover for mortification and humiliation of feeling as these are elements of compensatory damages.

2. Damages—Pleading—General Allegation—Mortification and Humiliation.—As mortification and humiliation are damages which necessarily and generally result from an unlawful eviction a recovery may be had therefor under a general allegation of damages.

3. New Trial—Order Granting—Error.—While the trial court is vested with a broad discretion in granting a new trial, yet if he grants a new trial solely on the ground of an error of law, which, as a matter of fact, is not an error, and the other grounds relied upon are not sufficient to justify his action, it is error, under such circumstances, to grant a new trial.

4. Appeal and Error—New Trial—Error in  Granting—Final Judg-
   ment—Appeal—Practice.—Where there is a verdict for plaintiff,
   and the trial court grants a new trial, and plaintiff excepts there-
   to, and there is another trial resulting in a verdict and judgment
   for plaintiff, it is the proper practice to move to set aside the
   last verdict and judgment, and substitute in lieu thereof the ver-
   dict on the former trial, and an appeal from the last judgment
   will bring before this court for review the propriety of the court's
   action in granting a new trial.

5. New Trrial—Improperly Granted—Substitution  of  Verdict for
   Verdict on Last Trial.—Where  there  is a verdict  in favor of
   plaintiff, and a new trial granted, and the plaintiff recovers a less
   sum on another trial, this court, on appeal, will direct that judg-
   ment be entered on the first verdict instead of the last verdict,
   if the trial court erred in granting a new trial.

MILLER & MILLER for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Reversing.

Appellant, Charles Perkins, rented from John B.
Steele a tract of 89 acres of land in McCracken county.
At the time the lease was made, there was pending in
the McCracken Circuit Court the case of A. T. Russell
v. John B. Steele, wherein Russell was seeking to enforce
a lien on the land in question. Appellant, Perkins, was
not a party to the action, and had no knowledge thereof.
Before the expiration of the lease, the court undertook
to place the property in the possession of its Commis-
sioner, Cecil Reed, and issued a writ of possession, di-
recting the sheriff to carry out the order. At that time,
appellee, John W. Ogilvie, was sheriff, while appellee,
R. T. Fortson, was a deputy. The deputy pursuant to
the writ, dispossessed appellant.

Appellant brought this action against appellees to
recover damages. The first trial resulted in a peremp-
tory instruction. On appeal to this court, it was held
that as appellant had no knowledge of the pendency of
the action of A. T. Russell v. John B. Steele, and no no-
tice of the pendency of the action was filed in the clerk's
office of the McCracken County Court, pursuant to sec-
tion 2358a, Kentucky Statutes, the trial court was with-
out jurisdiction to enter any judgment or make any
order which would conclude or affect his rights in the
property. It was further held that the officers having the

writ in hand could not shelter under its protection for acts done to one over whom the court had no jurisdiction, and that being trespassers from the beginning, they were liable in compensatory damages for the injurious acts done to appellant in putting the writ in execution against him. The judgment was therefore reversed, and the cause remanded for a new trial consistent with the opinion. Perkins v. Ogilvie, et al., 140 Ky., 412.

On return of the case, appellees filed an amended answer pleading that within three days after the writ of possession had been executed, and appellant had been dispossessed of the premises, they went to appellant and offered to put him and his effects back into the house just as he was before the service of the writ, and to restore possession of the house and land to him; that this was done before any damage had accrued to appellant's crops, but that appellant declined and refused to be put back upon the premises. By reply, appellant denied the allegations of the amended answer, and alleged that the only offer made by appellees to him was to put him back upon the farm upon condition that he pay the rent to the master commissioner, and which proposition he declined because his landlord, Steele, was demanding rent, and he was afraid he would be put off again if he went back on the land, and the commissioner would not protect him against the claim of Steele.

Trial was had, and the court, by its instructions, authorized a recovery for the reasonable value of the crops growing on the farm, and for mortification or humiliation to appellant's feelings, unless the jury believed from the evidence that, after appellant was ejected, appellees, or either of them, offered to put him back in possession of the house and barn, in which event they could not find any damages for the time appellant could have reasonably been restored to the possession of the farm.

The jury returned a verdict in favor of appellant for $700. Appellees filed motion for a new trial, based on the following grounds: first, failure to place the burden of proof on appellees, and to give them the concluding argument; second, the giving of improper instructions; third, refusal to give proper instructions, offered by appellees; fourth, the admission of improper and incompetent evidence.

The trial court filed a written opinion, holding that the action was not one in which mortification or humilia-

tion was a proper element of damage, and that if mistaken in this view, the allegations of the petition with reference to injured feelings or mental suffering were not sufficient to authorize the submission of the question to the jury. For these reasons, he awarded appellees a new trial. Exceptions were saved to his ruling. Subsequently, a second amended answer was filed by appellees, over the objection of appellant. In this amended answer, appellees pleaded that on the Monday following the Friday upon which appellant was dispossessed, they offered to place him back in possession of the premises without cost, and that if appellant had permitted them to do so, he would have suffered no loss except what might have occurred between Friday and Monday; that appellant refused to be put back, and that he had not suffered any damage on account of appellees' conduct in the matter in excess of $25, for which sum appellees offered to permit judgment to go against them.

A third trial was had. Upon this trial, appellant testified that Fortson with others, came to his house and placed appellant and his furniture out in the road. His crops were worth about $500. When the officers offered to put him back on the place, it was only on the condition that he would thereafter pay rent to the commissioner. At that time, Steele had his note for $150, and the commissioner would not guarantee to protect him against this note. Therefore, he declined to go back on the premises. Appellees testify that they offered to put appellant back three days after he was removed. At this trial, the court, by its instructions, did not authorize a recovery for mortification and humiliation to his feelings, but only for the value of the crops lost or destroyed by reason of appellant's being dispossessed. The jury returned a verdict in favor of appellant for $150. Thereupon, appellant filed motion and grounds to set aside the judgment and verdict, and also moved the court to substitute for the verdict on the last trial, the verdict rendered on the second trial, and to enter judgment accordingly. This the court declined to do, and thereupon entered judgment in appellant's favor for $150. From that judgment this appeal is prosecuted.

In appellees' motion for a new trial, after the rendition of the $700 verdict on the second trial, appellees did not rely upon the excessiveness of the verdict as one of their grounds. We have carefully considered the other grounds relied upon, and find them insufficient to

justify the granting of a new trial. The trial court granted a new trial solely upon the ground that humiliation was not an element of damage in such a case, and that even if it was, it was not properly pleaded. As this was the only ground upon which a new trial was or could have been granted, the propriety of the court's action must be determined from the standpoint of this ground alone. While a trial court is vested with a broad discretion in granting a new trial, and this court will not reverse its action except in case of an abuse of discretion, yet where the sole question is one of law, and the action of the trial court is based on an erroneous decision with reference to such question, and there is no other ground relied upon that would justify the granting of a new trial, the granting of a new trial under such circumstances will necessarily be an abuse of discretion, and will, therefore, be reversed.

We have repeatedly held that where a passenger is unlawfully ejected from a train, he may recover for humiliation and mortification, and that these are elements of compensatory damages. L. & N. R. R. Co. v. Lyons, 20 R., 516; Spink v. L. & N. R. R. Co., 21 R., 778; I C. R. Co. v. Jackson, 117 Ky., 900. And it is also the rule that where a landlord unlawfully and forcibly enters the premises and evicts the tenant and his family, he is liable in damages for the tenant's sense of shame and humiliation in having his wife and family turned out into the streets. Mayer v. Gordon, 113 Ind., 282, 14 S. E. 476; Richardson v. O'Brien, 44 Ill. App., 243; Rauma v. Bailey, 80 Minn., 336, 83 N. W., 191; Filliebrown v. Hoar, 124 Mass., 580; Sutherland on Damages, Vol. 3, Sec. 866.

In the present case, appellant's goods were placed out on the public highway, and he was put off the premises. This took place in the presence of his neighbors. We cannot imagine anything more calculated to humiliate one than to be unlawfully ejected from one's home. It is immaterial in such a case that the officers did not commit an act of trespass on appellant's person. Appellant's household goods were placed in the public highway. Appellant left the premises because he was compelled to go, and humiliation was a necessary consequence. There is nothing in the case of Owsley v. Fowler, 104 S. W., 762, 31 R., 1154, to conflict with this rule. There the sheriff was acting pursuant to a lawful writ. He was sued for his negligent handling of the

property removed. The court held that humiliation was not an element of damage for the negligent handling of one's property.

But it is insisted that humiliation and mortification were not sufficiently pleaded. It is only special damages such as loss of time, physicians' bills and bills for medicine, etc., that must be specially pleaded. Other elements of damage which are the direct and proximate result of the injury need not be specially pleaded, but may be recovered under a general allegation of damages. General damages are such as the law presumes to have accrued from the wrong complained of, and need not be averred. Alexander v. Humber, 8 Ky. L. R., 619; Brown v. Railway Co., 99 Mo., 310, 12 S. W., 655. In Maxwell on Code Pleading, page 79, the rule is thus stated: "Damages which necessarily and generally result from the wrongful act which is the subject of the action, may be recovered under a general claim for damages." The petition alleges in substance that appellees wrongfully and unlawfully entered into the house upon the premises of appellant, of which he was in the rightful and peaceful possession under a regular lease from the owner thereof, and forcibly, wrongfully and unlawfully ejected him therefrom, and put his household goods and personal property out of the house and into the public road. After making certain allegations with reference to the crops, the petition further alleges that appellant was by them put to great trouble and annoyance and distress, because of said injury and the trespass upon his home and premises was against his will or consent and high-handed," etc. Under these general allegations of damage, it was proper, we think, to authorize a recovery for mortification and humiliation. Furthermore the word "distress" is a generic term, and includes anguish or suffering, both of mind and body. Humiliation and mortification are simply phases of mental anguish, and under the allegation of distress, or mental anguish, any phase of mental anguish could be proven, and a recovery had therefor.

But it is insisted by appellees that as no motion for a new trial was filed by appellant, the only question now before us is whether or not the pleadings support the judgment. While it is true that appellant did not in terms move for a new trial, he did ask that the verdict and judgment be set aside, and that the verdict and judgment rendered on the second trial for $700 be substituted

and entered in lieu thereof. We have before us both bills of exceptions. The order granting the new trial was not appealable. Appellant could only except thereto and rely thereon when the case was brought here on appeal from the last judgment. As he did not desire a new trial of the case, it was not necessary for him to ask it. We think the practice pursued by him was proper, and his appeal from the last judgment brings before us for consideration the action of the trial court in granting a new trial. Being of the opinion that the trial court erred in this respect, we conclude that appellant is entitled to have the judgment appealed from set aside, and the judgment entered on the verdict for $700 rendered on the second trial.

Judgment reversed and cause remanded with directions to enter judgment in comformity with this opinion.