## ANNA E. REINKEY v. FINDLEY ELECTRIC COMPANY.[1]

### November 12, 1920.

### No. 21,869.

**Conditional sale—no forfeiture during extension of time of payment.**

1. A vendor in a conditional sale contract providing for a forfeiture of payments upon default, and a return of the property, cannot invoke a forfeiture during the time for which he has given an extension of time of payment, though the extension is without consideration.

**Same — vendee may recover the property in conversion.**

2. When the vendor wrongfully takes possession, the vendee may recover in conversion. He cannot recover the payments made as upon a rescission.

[1]Reported in 180 N. W. 236.
147 M.—11.

**Nominal damages — malice — humiliation.**

> 3. Damages as for a conversion were not alleged or proved and no more than nominal damages could be recovered upon the theory of a conversion. Malice was not present nor were there aggravating circumstances. There was a breach of contract if the defendant took the property during the period for which an extension had been granted. There was no right of recovery for injured feelings or humiliation resulting therefrom.

**New trial not granted to allow recovery of nominal damages.**

> 4. A new trial will not be granted by this court to permit a recovery of nominal damages when no matter of permanent right is determined and nothing but damages.

Action in the district court for Hennepin county to recover $5,065. The facts are stated in the opinion. The case was tried before Fish, J., who granted defendant's motion for a directed verdict. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Francis B. Hart,* for appellant.

*McDowell & Fosseen,* for respondent.

PER CURIAM.

Action to recover damages for the wrongful taking of certain personal property sold by the defendant to the plaintiff on a contract of conditional sale. The court directed a verdict for the defendant and the plaintiff appeals from the order denying her motion for a new trial.

1. On July 15, 1918, the defendant sold to the plaintiff by a conditional sale contract which reserved title and provided for a forfeiture of payments in case the property was retaken, an electric washer and ironer for $255, the price of the washer being put at $140 and the price of the ironer at $115. Payments were made to the amount of $60 and plaintiff was in default. It was finally agreed that the washer should be returned and the ironer retained. A memorandum was made whereby the plaintiff agreed to pay $50 by December 23, 1918, leaving a balance of $25 unpaid. On December 24, the $50 being unpaid, the defendant took possession of the ironer.

The plaintiff claims that on December 23 the defendant extended the payment to December 26 and she relied upon the extension of time. De-

fendant denies this. The evidence made an issue of fact. There was no consideration for the extension. None was necessary. The defendant is seeking to enforce a forfeiture of the payments made and absolute title to the property sold. It cannot make nonpayment which it induced by an agreement to extend time, though the agreement is without consideration, a ground of forfeiture. The doctrine may be rested upon the ground of estoppel or of waiver. The principle is announced in Scheerschmidt v. Smith, 74 Minn. 224, 77 N. W. 34. It is applied the country over to cases within the statute of frauds where there is an oral extension of time of performance and a forfeiture claimed because the extension was not in writing. This situation was involved in the case just cited. The court, applying the principle, held that a forfeiture could not be invoked, and it said that the claim that "there was no consideration for the promise to extend the time of payment" was covered by what was said about an oral extension within the statute of frauds.

2. The plaintiff had a remedy by replevin which would have restored her property. She had a remedy by an action of conversion which would have given her full money compensation.

There is excellent authority for holding that, when the vendor in a conditional sale contract wrongfully takes possession of the property, the vendee may treat the contract as rescinded and recover the payments made. Bray v. Lowery, 163 Cal. 256, 124 Pac. 1004; Madison River Livestock Co. v. Osler, 39 Mont. 244, 102 Pac. 325, 133 Am. St. 558; Rhodes v. Jenkins, 2 Ga. App. 475, 58 S. E. 897. Cases adopting this doctrine seem to hold that the amount of the payments should be reduced by the value of the use and in a proper case by a charge for depreciation. Rhodes v. Jenkins, 2 Ga. App. 475, 58 S. E. 897; Bray v. Lowery, 163 Cal. 256, 124 Pac. 1004. In other jurisdictions the wrongful taking is treated as a conversion for which damages appropriate to an action of conversion may be recovered. Smith v. Goff, 29 R. I. 439, 72 Atl. 289; Clark v. Clement, 75 Vt. 417, 56 Atl. 94; Goggan v. Garner (Tex. Civ. App.) 119 S. W. 341.

The cases treating the vendee's wrong as a rescission are in some confusion, in part because of the different views obtaining as to the nature of a conditional sale contract, and the measure of damages which they adopt is sometimes difficult of application. Treating the vendor's taking as a

wrong, for which trover lies, is in harmony with our holdings upon the right of a chattel mortgagor to recover in conversion from his mortgagee who has wrongfully retaken the mortgaged property. 1 Dunnell, Minn. Dig. § 1474, and cases cited. It affords a definite and adequate remedy. We hold that the vendee, in a situation such as is presented to us, cannot recover the payments made but must recover, if he seeks damages alone, in conversion.

3. The complaint did not allege damages for a conversion nor was there proof. There was no allegation nor proof of value. Upon plaintiff's evidence, if found true by the jury, there was a conversion but no actual damages. Malice was not alleged nor proved. There were no aggravating circumstances attending the taking. There could be no recovery for humiliation or injured feelings. 1 Dunnell, Minn. Dig. § 2526. The plaintiff was entitled to no more than nominal damages.

There has been no right of recovery in this state for injured feelings in breach of contract actions since the decision of this court in the case of Francis v. Western Union Tel. Co. 58 Minn. 252, 59 N. W. 1078, 25 L.R.A. 406, 49 Am. St. 507. The decision there rendered has uniformly since been followed and applied. Beaulieu v. Great Northern Ry. Co. 103 Minn. 47, 114 N. W. 353, 19 L.R.A.(N.S.) 564, 14 Ann. Cas. 462; Independent Grocery Co. v. Sun Ins. Co. 146 Minn. 214, 178 N. W. 582. It expresses the rule prevailing in the great majority of the jurisdictions of this country, the only exceptions being in cases where a personal injury has been inflicted in the enforcement of a contract right, or the breach of the contract is of a character to amount to an independent wilful tort. 8 R. C. L. 529, § 83. The case at bar is not claimed to be within the exception. Rauma v. Bailey, 80 Minn. 336, 83 N. W. 191, is not in point. There the defendants, one of whom was a town constable, assuming to act under the authority of a writ of restitution issued by a court having jurisdiction, forcibly ejected plaintiff from his residence, removing his household goods and effects into the street. The writ was void on its face and furnished no justification for the acts of defendants. They were therefore naked trespassers and wrongdoers, and liable under the rule of damages applicable to wrongs of that kind. It was an action in tort, no contract right was involved, as in the case at bar, and none was

relied upon in defense, the sole defense being an attempted justification under the void writ of restitution.

4. A new trial will not be granted by this court, where no question of permanent right is involved, where the adjudication affects the parties only as it determines damages, and where a new trial could result in an award of no more than nominal damages, because of a failure to submit the case to the jury for an assessment of nominal damages, if it should find from the evidence a right of recovery. Knowles v. Steele, 59 Minn. 452, 61 N. W. 557; Erickson v. Minnesota & O. P. Co. 134 Minn. 209, 158 N. W. 979, and cases reviewed; 2 Dunnell, Minn. Dig. § 7074, and cases cited. This case is not within an exception to the rule.

No statutory costs. Order affirmed.

HALLAM, J. (dissenting).

In my opinion the complaint alleges facts which constitute a conversion and facts sufficient to show substantial damages therefor. That the demand for relief does not demand damages as for conversion is unimportant. G. S. 1913, § 7896.

There is evidence from which a jury might find substantial damages for conversion.

There is also some evidence of a trespass committed under circumstances which, within the rule of Rauma v. Bailey, 80 Minn. 336, 83 N. W. 191, would sustain a verdict for more than nominal damages.

DIBELL, J. (dissenting in part).

I dissent in part. I agree with what is said in paragraphs 1, 2 and 4. I agree with what is said in paragraph 3 as to the absence of proof of more than nominal damages as for a conversion. I do not agree with the holding that there could not be a recovery for indignity and humiliation and injured feelings.

The plaintiff conducted a restaurant. According to her testimony the defendant's agents came into the front or eating room and then went into the kitchen and without her consent and over some protest disconnected the ironer and carried it away. People were about. Among them was the plaintiff's landlord. The evidence justifies the view that the plaintiff was humiliated and injured in her feelings.

The defendant in entering and taking the ironer, assuming that there was an extension of time as the jury might have found, and assuming that plaintiff's testimony was true, did more than commit a breach of contract. It committed a trespass and is chargeable with a conversion of the property taken.

Damages for humiliation and for injury to feelings are actual damages. They are not exemplary or punitive. They are not dependent upon the existence of malice. When they are the proximate result of a tortious act they are recoverable. The principle which permits a recovery for humiliation and injured feelings has a varied application. In Rauma v. Bailey, 80 Minn. 336, 83 N. W. 191, an action for damages for an eviction, such damages were held recoverable. The court said: "He (the plaintiff) was entitled also to compensation for mental anguish and injury to his feelings and sense of shame in being turned into the street." There was the same holding in Fillebrown v. Hoar, 124 Mass. 580, and Moyer v. Gordon, 113 Ind. 282. This is a general rule. So one may recover for injured feelings and the personal indignity consequent upon being wrongfully required to leave a train or car, though there is no malice and though no force is used. 1 Dunnell, Minn. Dig. and 1916 Supp. § 1260, and cases cited.

In Harris v. Delaware, L. & W. R. Co. 77 N. J. Law, 278, 72 Atl. 50, it was held that such damages could be recovered of a railroad which converted the plaintiff's ticket, the plaintiff being a passenger, though no personal injury was inflicted upon him. The court said: "It is argued on behalf of the plaintiffs in error that it was erroneous to allow recovery of damages for the indignity and ignominy. The suggestion is that these damages are limited to personal torts and cannot be allowed where the tort is merely the conversion of personal property. We are unable to see the distinction on principle. In the case of injuries to the person, indignity and ignominy are the almost necessary accompaniment. In injuries to personal property the tort would not so often, perhaps not generally, be accompanied with circumstances of indignity and ignominy, but it may be so accompanied, and we think such a case is now presented."

The same rule was applied to the conversion of household goods by a chattel mortgagee. Richardson v. O'Brien, 44 Ill. App. 243.

I am unable to see that the principle of the cases cited should not be applied in the case at bar. The wrongful taking of one's goods, under the circumstances present here, with people looking on, might be found by a jury to result in some humiliation and shame and in an injury to the feelings. Why reparation for the wrong should not be given in money as in the cases cited I do not see. If such damages can be recovered the rule that there will not be a reversal to permit a recovery of nominal damages does not apply. My view would lead to a reversal.