## William Sharp, Appellee, v. National Bond & Investment Company, Appellant.

Heard in, this court at the October term, 1930. Opinion filed January 19, 1931.

JOHN W. CREEKMUR, D. E. HOOPINGARNER and HARRY F. RUSSELL, for appellant.

T. A. O'CONNOR, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

In an action of trover appellee sued to recover the value of an automobile alleged to have been converted by appellant. In September, 1929, appellee purchased the car under a conditional sales contract and gave his note for $1,235, the balance of the purchase price. Appellant became the owner of the note and contract and took possession of the car on January 2, 1930, at which time there was $1,030 of the note unpaid. A trial before the court, without a jury, resulted in a judgment for $915.83 in favor of appellee.

We find it unnecessary to discuss any question other than the measure of damages. Appellee testified that the sale price of the car, at the time of his purchase, was $1,675, and that shortly thereafter the sale price of such a car was increased to $1,775; that the car was in good condition at the time it was taken from him and was of the value of $1,775. He also testified that he had bought 15 cars, but had never sold any, and that if he had paid out on this car it would have cost him $1,910. He offered no other evidence as to the value of the car on January 2, 1930.

Appellant called two witnesses who were doing a large business in the buying and selling of new and used cars. They testified that the value of the car in question was from $900 to $1,000 and that the sale price of such a car, when new, had been reduced $300.

Appellee's testimony to the effect that the fair cash market value of the car, which had been used for more than three months and had been driven 2,700 or 2,800 miles, was the same as the original purchase price, is unreasonable. Under the evidence in this record we are of the opinion that the fair cash market value of this car, at the time appellant repossessed it under the conditional sales contract, did not exceed $1,000. At that time appellee still owed $1,030 on the note. He had no equity in the car and the judgment cannot be sustained.

Appellee was only entitled to recover the value of his interest in the car, whatever that might be. The value of such interest must be determined by ascertaining the reasonable cash value of the car and taking therefrom the balance due on the note. 26 R. C. L. 1153; 11 C. J. 598; *Reinkey v. Findley Electric Co.,* 147 Minn. 161, 180 N. W. 236; *Smith v. Goff & Darling,* 29 R. I. 439, 72 Atl. 289; *Thos. Goggan & Bros. v. Garner* (Tex. Civ. App.), 119 S. W. 341.

In our view of the case, it is unnecessary to decide whether appellant had reasonable grounds for feeling unsafe or insecure, or whether it should have made a demand upon appellee before taking possession of the car. Even if appellant was not lawfully entitled to take possession at the time it did, yet under the evidence in the record appellee was not damaged. The judgment is reversed.

*Reversed.*

The clerk will insert in the judgment the following: "The court finds the fair cash market value of the car at the time it was taken from appellee was less than the amount appellee owed appellant and that appellee sustained no damages."